UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK RODGERS, CHRISTOPHER CARR, and BRIAN DUNFORD<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON; THOMAS MENINO, in his capacity as Mayor of the City of Boston; KATHLEEN O'TOOLE, in her Capacity as Police Commissioner of the City of Boston; MITT ROMNEY, in his capacity as Governor of the Commonwealth of Massachusetts; and the Commonwealth of Massachusetts<br><br>Defendant. | Civil Action No. 03-12538-PBS |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND FILED BY THE CITY OF BOSTON

Now comes the Defendant City of Boston (hereinafter referred to as the "City defendant") and answers the Plaintiffs' First Amended Complaint as follows:[1]

I.    INTRODUCTION

1.    This introduction is a summary of the case and legal analysis requiring neither admittance nor denial.  If, however, the Introduction is deemed to include factual allegations requiring a response, the City defendant denies the allegations therein.  Further stating, the City defendant denies that the Boston Police Department employs a "quota-based system based on race to determine entry-level hiring," denies discriminating against the plaintiffs, and denies

---

[1] The parties have filed Stipulations of Dismissal as to defendant Menino and O'Toole.  Accordingly, no answer is filed on their behalf.

acting without legal basis or in violation of any state or federal law that applies to hiring entry-level police officers.

II.   JURISDICTION

2.   Paragraph two contains a statement of law to which no response is necessary.

III.   PARTIES

3.   The City defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3.

4.   The City defendant admits the allegations in paragraph 4.

5.   The City defendant admits the allegations in paragraph 5.

6.   The City defendant admits the allegations in paragraph 6.

7.   The City defendant admits the allegations in paragraph 7.

8.   The City defendant admits the allegations in paragraph 8.

IV.   STATEMENT OF FACTS RELATING OT THE NON-SELECTION OF PLAINTIFFS.

9.   The City defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9.

10.   The City defendant denies, "Plaintiff was listed on the Civil Service List as having scored one hundred and one (101)." The City defendant states that the "Civil Service List" and individual rankings speaks for themselves. The City defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 10.

11.   The City defendant admits hiring approximately 56 new police officers in March of 2002 and approximately 57 new police officers in October of 2003. The City defendant admits that the plaintiffs' names were not reached. The City defendant denies that the hiring in

March 2002 and October 2003 were done solely from "the Civil Service List described above." The City defendant denies the remaining allegations in paragraph 11.

12. The City defendant denies the allegations in the first sentence of paragraph 12. The City defendant admits the allegations in the second sentence of paragraph 12.

13. The City defendant denies that it utilized a "quota-based system wherein one minority candidate was hired for every one Caucasian candidate hired." In addition, the City defendant denies hiring candidates "solely because the candidates were women." The City defendant denies the remaining allegations in paragraph thirteen.

14. The City defendant lacks sufficient information to either admit or deny the allegations in paragraph 14. On information and belief, however, the City defendant denies that the "plaintiffs ranked higher on the Civil Service List than many of the minority and female officers selected." On information and belief, the City defendant denies that it would have hired the plaintiffs if the defendants "utilized a race and sex neutral system based upon Civil Service examination scores and qualifications, without consideration of race."

15. On information and belief, the City defendant admits that the Civil Service list at issue in this case is about to expire or has already expired. The City defendant lack sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 15.

V.  FACTS RELATING TO DEFENDANTS' RELIANCE ON
    THE CASTRO V. BEECHER DECREE.

16. The City defendant states that the first sentence in paragraph sixteen contains a summary of facts and law allegedly set forth in cited cases and requires no response since the cases cited speak for themselves. Further answering, the City defendant denies the allegations in the second sentence and specifically denies that the Boston Police Department has ever been

required to hire police officers by selecting "one minority police officer for each white police officer."

17. The City defendant denies the allegations in paragraph 17.

18. The City defendant denies the allegations in paragraph 18.

19. The City defendant denies the allegations in paragraph 19.

20. The City defendant denies the allegations in paragraph 20.

21. In so far as paragraph 21 suggests that the City defendant has been subject to any court order requiring it to devise a nondiscriminatory selection process, the City defendant denies the existence of any such court order. The City defendant denies that the Boston Police Department's process for hiring entry-level police officers involves a quota system. The City defendant denies any of its actions at issue in this lawsuit have been unconstitutional. The City defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 21.

## COUNT I

(42 U.S.C. § 1983 – Fourteenth Amendment)

22. The City defendant denies the allegations in paragraph 22.

## COUNT II

(Title VII)

23. The City defendant denies the allegations in paragraph 23.

## COUNT III

(M.G.L. ch. 151B, § 4)

24. The City defendant denies the allegations in paragraph 24.

## JURY DEMAND

The City defendant demands a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Third Affirmative Defense

Because plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficient to give this Court jurisdiction to hear the complaint.

### Fourth Affirmative Defense

The City defendant at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws, court orders, and circumstances.

### Fifth Affirmative Defense

The City defendant's hiring process was in compliance with the applicable provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

### Sixth Affirmative Defense

The employment actions taken by the City defendant were motivated by legitimate, nondiscriminatory concerns and therefore the plaintiffs' claims should be dismissed.

### Seventh Affirmative Defense

The employment actions taken by the City defendant were motivated, in part, by the compelling interest in remedying the vestiges of past discrimination and it providing the citizens of the City of Boston with a police force that reflects the diversity of the City.

### Eighth Affirmative Defense

The City defendant's actions were a narrowly tailored method of overcoming the vestiges of past discrimination and of providing the citizens of the City of Boston with a police force that reflects the diversity of the community.

### Ninth Affirmative Defense

The City defendant's actions were based on reasonable, non-discriminatory, criteria that took into account the legitimate business and operational needs of the Boston Police Department.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by the Massachusetts Tort Claims Act, M.G.L. c. 258, as the City defendant was performing discretionary functions and duties or are otherwise entitled to immunity under the Act. Moreover, plaintiffs' claims are further subject to the liability limitations provided under the Act at M.G.L. c. 258, § 2.

### Eleventh Affirmative Defense

The plaintiffs' legitimate expectancies were not frustrated or encumbered by the City defendant's actions, as plaintiffs would not have been reached even had the City not performed the employment action challenged herein.

### Twelfth Affirmative Defense

The plaintiff is not entitled to punitive damages against the City defendant.

### Thirteenth Affirmative Defense

The City defendant expressly reserves the right to amend this answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

WHEREFORE, the City defendant requests that this Court:

(1) dismiss the plaintiffs' action and deny their prayers for relief with prejudice;

(2) award costs and attorneys' fees to the defendant; and

(3) order such other relief as this court deems just and proper.

Respectfully submitted,

CITY OF BOSTON;

By its attorneys,

S/William V. Hoch

---

William V. Hoch, BBO #564465
Staff Attorney
Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA  02120
(617) 343-4550

S/Stephen G. Cox

---

Stephen G. Cox  BBO# 566943
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064

Dated: March 31, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for the plaintiff and the attorney of record for the Commonwealth by first class mail.

_____
**Date**

**s William V. Hoch**
**William V. Hoch**