**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
OFFICE

2004 APR 28  A 11: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PAUL DELEO, JR., *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CITY OF BOSTON, *et al.*,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 03-12538-PBS |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND**
**JURY DEMAND FILED BY THE COMMONWEALTH DEFENDANTS**

Now come defendants Governor Mitt Romney and the Commonwealth of Massachusetts (hereinafter, the "State defendants") and answer the Plaintiffs' First Amended Complaint ("Complaint") as follows:

## I.    INTRODUCTION

1.    The Complaint's introduction is a summary of the case and legal analysis requiring neither admittance nor denial.  If, however, the Introduction is deemed to include factual allegations requiring a response, the State defendants deny the allegations stated therein, except that they admit that the plaintiffs scored 100 points on the entry-level police officer examination administered in the spring of 2001 and that they were not selected for an entry-level position in the Boston Police Department in either 2002 or 2003.  Further answering, the State defendants deny the use of a "quota-based system based on race to determine entry-level hiring," deny unlawfully discriminating against the plaintiffs, and deny acting without legal basis or in violation of any state or federal law applicable to this situation.

II.    **JURISDICTION**

2.    Paragraph two contains a statement of law to which no response is necessary.

III.    **PARTIES**

3.    The State defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 3, except that they acknowledge that Human Resources Division ("HRD") records reflect that the plaintiffs registered for the 2001 civil service examination for entry-level police officers as adult residents of Boston.

4.    The State defendants admit the allegations contained in paragraph 4.

5.    The State defendants admit the allegations contained in paragraph 5.

6.    The State defendants admit the allegations contained in paragraph 6.

7.    The State defendants admit the allegations contained in paragraph 7, except for the allegation that Governor Romney "is responsible for the overall administration of the Commonwealth's Human Resources Division[.]"  Further answering, the State defendants state that, as Chief Human Resources Officer for the Commonwealth of Massachusetts, Ruth Bramson is directly "responsible for the overall administration of the Commonwealth's Human Resources Division[.]"

8.    The State defendants admit the allegations contained in paragraph 8.

IV.    **STATEMENT OF FACTS RELATING TO THE NON-SELECTION OF PLAINTIFFS.**

9.    The State defendants admit the allegations contained in paragraph 9, except that they note that the civil service examination referenced therein took place in April of 2001.

10.    The State defendants deny that "Plaintiff [DeLeo] was listed on the Civil Service List as having scored one hundred and one (101)."  The State defendants admit that the plaintiffs

each scored 100 points on the written component of the April 2001 civil service examination and that plaintiff DeLeo received an additional point for his prior law enforcement experience. The State defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 10.

11.    The State defendants admit that the City of Boston hired approximately 56 new police officers in March of 2002 and approximately 57 new police officers in October of 2003. The State defendants admit that the plaintiffs' names were not reached on either occasion. The State defendants deny that the hirings in March 2002 and October 2003 were done solely from "the Civil Service List described above."

12.    The State defendants deny the allegations contained in the first sentence of paragraph 12. The State defendants admit the allegations appearing in the second sentence of paragraph 12.

13.    The State defendants deny that either HRD or the City of Boston employed a "quota-based system wherein one minority candidate was hired for every one Caucasian candidate hired." In addition, the State defendants deny facilitating the hiring of candidates "solely because the candidates were women." The State defendants deny the remaining allegations appearing in paragraph thirteen.

14.    The State defendants deny the allegations contained in the first sentence of paragraph 14. On information and belief, the State defendants deny that the City of Boston would have hired the plaintiffs if the defendants had "utilized a race and sex neutral system based upon Civil Service examination score [sic] and qualifications, without consideration of race." The State defendants lack sufficient information to either admit or deny the remaining

allegations of paragraph 14.

15.   The State defendants deny the allegations contained in the first sentence of
paragraph 15.  The State defendants admit the allegations contained in the second sentence of
paragraph 15.

## V.   FACTS RELATING TO DEFENDANTS' RELIANCE ON THE *CASTRO v.* *BEECHER* DECREE.

16.   The State defendants state that the first sentence of paragraph sixteen contains a
summary of facts and law allegedly set forth in cited cases, which requires no response since the
cases cited speak for themselves.  Further answering, the State defendants deny the allegations
contained in the second sentence of paragraph 16, and specifically deny that the Boston Police
Department has ever been required to hire police officers by selecting "one minority police
officer for each white police officer."

17.   The State defendants deny the allegations contained in paragraph 17.

18.   The State defendants deny the allegations contained in paragraph 18.

19.   The State defendants deny the allegations contained in paragraph 19.

20.   The State defendants deny the allegations contained in paragraph 20.

21.   The State defendants deny the allegations contained in paragraph 21.  More
specifically, the State defendants deny that the Boston Police Department's process for hiring
entry-level police officers involves a quota system.  The State defendants also deny any of its
actions at issue in this lawsuit have been unconstitutional.

### COUNT I
(42 U.S.C. § 1983 - Fourteenth Amendment)

22.   The State defendants deny the allegations contained in paragraph 22.

-4-

### COUNT II

(Title VII)

23.    The State defendants deny the allegations contained in paragraph 23.

### COUNT III

(M.G.L. ch. 151B, § 4)

24.    The State defendant deny the allegations contained in paragraph 24.

### JURY DEMAND

The State defendants demand a trial by jury on all claims so triable.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

For the reasons that follow, the plaintiffs' Complaint fails to state a claim upon which

relief may be granted.

#### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

#### Third Affirmative Defense

Because plaintiffs have suffered no injury, they lack standing and their Complaint fails to

state a case or controversy sufficiently real to give this Court jurisdiction to hear the Complaint.

#### Fourth Affirmative Defense

The State defendants at all times acted in good faith upon reasonable belief that their

actions were required and in compliance with all relevant laws, court orders, and circumstances.

#### Fifth Affirmative Defense

The hiring process under challenge in this case was in full compliance with the applicable

-5-

provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

### Sixth Affirmative Defense

The actions taken by the State defendants in this matter were motivated by legitimate, nondiscriminatory concerns and therefore the plaintiffs' claims should be dismissed.

### Seventh Affirmative Defense

The employment actions taken by the defendants were motivated, in part, by the compelling interest in remedying the vestiges of past discrimination and in providing the citizens of the Commonwealth with a police force protecting the Commonwealth's capital city that reflects the diversity of the State.

### Eighth Affirmative Defense

The defendants' actions were a narrowly tailored method of overcoming the vestiges of past discrimination and of providing the citizens of the Commonwealth with a police force that reflects the diversity of the community.

### Ninth Affirmative Defense

The defendants' actions were based on reasonable, non-discriminatory, criteria that took into account the legitimate business and operational needs of the Boston Police Department.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by the Massachusetts Tort Claims Act, M.G.L. c. 258, as the State defendants were performing discretionary functions and duties or are otherwise entitled to immunity under the Act.  Moreover, plaintiffs' claims are further subject to the provisions limiting liability set forth in the Act at M.G.L. c. 258, § 2.   Plaintiffs' claim for damages is

barred by G.L. c. 258, § 4, because they have failed to provide proper presentment of their claim in writing to the State Defendants as a prerequisite to suit and have failed to await final denial of any such claim as a prerequisite to instituting this action.

### Eleventh Affirmative Defense

No legitimate expectations of the plaintiffs were frustrated or encumbered by the State defendants' actions, as plaintiffs would not have been reached even had the State defendants not performed any of the actions challenged herein.

### Twelfth Affirmative Defense

The Complaint against the Commonwealth is barred by the Eleventh Amendment to the United States Constitution and/or the common law doctrine of sovereign immunity. The Governor is protected by the doctrines of sovereign and qualified immunity.

### Thirteenth Affirmative Defense

The plaintiffs' demand for damages fails against the Commonwealth, which has not waived its right to assert sovereign immunity. The plaintiffs' Complaint fails to state a claim against the Commonwealth as only declaratory relief is available from the state and there is no showing of a repeated unlawful pattern or practice on the part of a state agency or official. The plaintiffs are not entitled to punitive damages against either of the State defendants.

### Fourteenth Affirmative Defense

Any violations of the plaintiffs' civil rights or other alleged rights enumerated in the Complaint were caused by the actions or inaction of third parties.

### Fifteenth Affirmative Defense

This action is barred because the plaintiffs have failed to exhaust their administrative

remedies.

### **Sixteenth Affirmative Defense**

The State defendants expressly reserve the right to amend this Answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

**WHEREFORE**, the State defendants request that this Court: (1) dismiss the plaintiffs' action and deny their prayers for relief with prejudice; (2) award costs and attorneys' fees to the defendants; and (3) order such other relief as this Court deems just and proper.

Respectfully submitted,

THE COMMONWEALTH
OF MASSACHUSETTS and
GOVERNOR MITT ROMNEY

By their attorneys:

THOMAS F. REILLY
ATTORNEY GENERAL

Robert Quinan Jr.

Robert L. Quinan, Jr., BBO #553010
Ginny Sinkel, BBO # 629147
Assistant Attorneys General
Government Bureau, Rm. 2019
One Ashburton Place
Boston, MA 02108-1698
(617) 727-2200, ext. 2554 (Quinan)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _April 27, 2004_ .

_Robert Quinan Jr._

Dated: April 27, 2004

-8-



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

April 27, 2004

Tony Anastas, Clerk
United Stated District Court
John Joseph Moakley Federal Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

　　　　　*Re:*　　***Paul DeLeo, Jr., et al. v. City of Boston, et al.,***
　　　　　　　　***U.S. District Court No. 03-12538-PBS***

Dear Mr. Anastas:

　　　　Enclosed for filing and docketing in the above-captioned action please find the *Answer to the Plaintiffs' First Amended Complaint* and a *Jury Demand* submitted by the State Defendants, the Commonwealth of Massachusetts and Governor Mitt Romney.

　　　　Thank you for your attention to this matter.

　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　*Robert L. Quinan Jr.*

　　　　　　　　　　　　Robert L. Quinan, Jr.
　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　Government Bureau
　　　　　　　　　　　　(617) 727-2200, ext. 2554

RQ/jac
Enclosures

cc:　　Harold L. Lichten, Esq.
　　　　Stephen G. Cox, Esq.