UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BOSTON, Massachusetts; THOMAS MENINO, in his capacity as Mayor of the City of Boston; KATHLEEN O'TOOLE, in her capacity as Commissioner of the City of Boston; MITT ROMNEY, in his capacity as Governor of the Commonwealth of Massachusetts; and the COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendants. | CIVIL ACTION NO. 03-12538 PBS |

## ASSENTED TO MOTION TO INTERVENE BY THE BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE AND THE MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS

Pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, the Boston Branch of the National Association for the Advancement of Colored People ("NAACP") and the Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO") move for leave to intervene as defendants in this action as representatives of a class of past, current, and future black and Hispanic applicants for positions as entry-level police officers in the City of Boston (the "Minority Applicants"). As grounds for their motion to intervene, the NAACP and MAMLEO represent as follows:

1. The plaintiffs and defendants in this action have no opposition to the NAACP and MAMLEO's request to intervene as defendants. See Certification, infra p. 8.

2. In this action, plaintiffs challenge the lawfulness of the process by which entry-level police officers are appointed by the City of Boston. The lawsuit is a collateral attack on Castro v. Beecher, 365 F. Supp. 655 (D. Mass. 1973), in which the court (Wyzanski, J.) approved and entered a series of consent decrees (the "Castro Consent Decrees") designed to remedy past discrimination and assure the absence of future discrimination against Minority Applicants in the examination and appointment of police officers throughout the Commonwealth of Massachusetts, including the City of Boston. Plaintiffs challenge as unconstitutional the appointment process adopted to comply with the Castro Consent Decrees.

3. Both the NAACP and MAMLEO have had a longstanding interest in ensuring the diversity of the Boston Police Department. The NAACP and MAMLEO have helped monitor implementation of the Castro Consent Decrees in order to ensure that the rights of Minority Applicants are not violated, either by discriminatory police officer examinations or by other discriminatory hiring practices on the part of local police departments. In fact, both the NAACP and MAMLEO's predecessor, the Massachusetts Association of Afro-American Police, Inc. ("MAAAP"), have been plaintiffs in prior, related actions involving the appointment as well as the promotion of police officers and firefighters in the City of Boston. See, e.g., Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 973 F. 2d 18, 19 n. 1 (1st Cir. 1992) (explaining that MAAAP sued

the Boston Police Department in 1978 challenging its promotion practices as discriminating on the basis of race, and noting that MAMLEO is MAAAP's successor).

4. In seeking to enjoin the selection process currently used for hiring police officers, plaintiffs call for the elimination of the Castro Consent Decrees. Enjoining the defendants from continued implementation of the provisions of the Castro Consent Decrees would unlawfully deprive Minority Applicants of an equal opportunity to be considered for appointment as Boston police officers.

### The NAACP and MAMLEO Have Intervened as of Right in Similar Suits Challenging the Constitutionality of Consent Decrees Remedying Discriminatory Hiring Practices

5. In two similar cases brought against the City of Boston and the Commonwealth of Massachusetts challenging consent decrees designed to remedy discriminatory hiring of police officers and fire fighters, the NAACP or MAMLEO intervened to protect the interests of minority applicants under the challenged orders. See, e.g., Mackin v. City of Boston, 969 F.2d 1273, 1274 n.1 (1st Cir. 1992), cert. denied, 506 U.S. 1078 (1993) (NAACP intervened as defendants on behalf minority firefighters); Fagin, et al. v. City of Boston, et al., Civil Action No. 98-2076-W (MAMLEO intervened as defendants on behalf of minority police officers). In both cases, as here, white plaintiffs challenged as unconstitutional consent decrees designed to remedy past discrimination and assure the absence of future discrimination against minorities in the hiring process for fire fighters or police officers.

6. Additionally, in several cases involving promotion of police officers made by the Boston Police Department, MAMLEO has been granted leave to intervene as of right. See, e.g., Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers, 219 F.3d 31, 37 (1st Cir. 2000) (noting that MAMLEO satisfied Rule 24 because its

members had the requisite stake in the litigation and would be affected directly by the outcome) cert. denied, 531 U.S. 1072 (2001); see also Boston Police Superior Officers Fed'n v. City of Boston, 147 F.3d 13 (1st Cir. 1998) (MAMLEO intervened in suit brought by white police officers challenging consent decree entered in case originally brought by MAMLEO's predecessor-in-interest regarding discrimination in promotions process).

### The NAACP and MAMLEO are Entitled to Intervene as of Right

7.  The NAACP and MAMLEO meet the four prerequisites for intervention as of right under Fed. R. Civ. Proc. 24(a)(2):[1]

a)  Timeliness. This case has just begun. No motions have been filed, no scheduling conference has been set, and no discovery has been propounded. The State defendants filed their Answer only a week ago, on April 27, 2004. Intervention by the NAACP and MAMLEO at such an early stage is thus timely and will not prejudice any existing party.

b)  Demonstrated Interest in the Subject of the Action. The members of the NAACP and MAMLEO (currently hired police officers as well as those applicants who have been put on the Boston Police Department's list for hiring consideration) have a strong vested interest in securing the integrity of the Boston Police Department's examination and hiring process by ensuring that the Castro

---

[1] These requirements are: (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to the prospective intervenor's ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent the prospective intervenor's interest. See Public Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204-05 (1st Cir. 1998); Conservation Law Found. of New England, Inc. v. Mosbacher, 966 F.2d 39, 41 (1st Cir. 1992).

Consent Decrees remain in force.  See, e.g., Cotter, 219 F.3d at 34-35 (police officers have a vested interest in defending the integrity of their promotions).

    c)    <u>Disposition of this Action May Impair the NAACP and MAMLEO's Ability to Protect Minority Applicants' Interests</u>.  The NAACP and MAMLEO meet the minimal burden of demonstrating that their members' legal interests will be impaired if intervention is denied because without the intervention, NAACP and MAMLEO members who are also members of the Minority Applicant class would be effectively denied the opportunity to defend the constitutionality of court orders entered in <u>Castro</u> to secure their rights.

    d)    <u>The Defendants Cannot Adequately Protect the Minority Applicants' Interests</u>.  The Minority Applicants' interests will not be adequately represented by the existing defendants.  The NAACP and MAMLEO have a direct and undiluted interest in ensuring fair and equal consideration to black and Hispanic applicants for appointment as police officers.  The defendants have additional interests that must be balanced, including budgetary and political interests, that may cause them to adopt different defense strategies, including settlement, that would not be in the best interests of Minority Applicants.  As a result, the defendants cannot adequately protect the Minority Applicants' interests.  See, e.g., Cotter, 219 F.3d at 35-36 (granting intervention to the NAACP because Boston Police Department may resist adopting defense strategies favored by the prospective intervenors).

### The NAACP and MAMLEO Should Be Permitted to Intervene Under Rule 24(b)[2]

8. <u>Timeliness</u>. This request for permissive intervention is timely for all the reasons explained in ¶ 6(a), <u>supra</u>.

9. <u>Minority Applicants' Defense Has Common Questions of Law and Fact with the Main Action</u>. The NAACP and MAMLEO should be permitted to intervene because their claims and defenses share common questions of law and fact, as required by Rule 24(b). <u>See</u> <u>Williams v. Kimbrough</u>, 295 F. Supp. 578, 581 (W.D. La. 1969) (permitting teachers to intervene to enforce existing judicial decree; common questions of law and fact existed because "principal object" of prospective intervenors and existing plaintiffs was enforcement of the decree). These defenses include, but are not limited to, the constitutionality of the Castro Consent Decrees and whether there is parity within the Boston Police Department as required by the Castro Consent Decrees.

---

[2] Intervention may be permitted under Rule 24(b) "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).

WHEREFORE, the NAACP and MAMLEO respectfully request this Court to grant their motion, permit them to intervene as defendants on behalf of a class of Minority Applicants, and award such other and further relief as the Court deems just and proper.

May 5, 2004                                         NAACP and MAMLEO

                                                    By their attorneys,

                                                    _____
                                                    Harry T. Daniels (BBO # 113800)
                                                    Mark D. Selwyn (BBO #565595)
                                                    Hale and Dorr LLP
                                                    60 State Street
                                                    Boston, Massachusetts 02109
                                                    (617) 526-6000

                                                    Robin L. Alperstein
                                                    Hale and Dorr LLP
                                                    300 Park Avenue
                                                    New York, New York 10022
                                                    (212) 937-7200

                                                    Nadine Cohen (BBO # 090040)
                                                    Lawyers' Committee For Civil Rights
                                                       Under Law of the Boston Bar Association
                                                    294 Washington Street, Suite 443
                                                    Boston, Massachusetts   02108
                                                    (617) 482-1145

## CERTIFICATION

I am an attorney with the Lawyers' Committee for Civil Rights Under Law of the Boston Bar Association. I am one of the attorneys who will represent the prospective intervenors in this action. Pursuant to Local Rule 7.1(a)(2), I certify that I have conferred with counsel for each of the named parties and that, plaintiffs, through counsel, and defendants, through counsel, have indicated that they assent to this motion.

_____
Nadine Cohen

Dated: 5-5-04