UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,<br>          Plaintiffs<br><br>v.<br><br>CITY OF BOSTON, Massachusetts; MITT ROMNEY, in his capacity as Governor of the Commonwealth of Massachusetts; and COMMONWEALTH OF MASSACHUSETTS,<br>          Defendants<br><br>BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS,<br>          Intervenors | Docket No. 03-12538-PBS |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO
CITY OF BOSTON'S MOTION TO STAY PROCEEDINGS**

I. <u>INTRODUCTION</u>.

In this action, based upon the identical legal grounds that caused the First Circuit to hold unconstitutional the Boston Fire Department's method of hiring entry-level fire fighters, see <u>Quinn, et al. v. City of</u> Boston, 325 F.3d 18 (1st Cir. 2003), the Plaintiffs seek to strike down as unconstitutional the race-based hiring system for entry-level police officer currently used by the City of Boston Police Department. The Plaintiffs

1

have sent out discovery and have sent out two letters indicating that they will be moving for preliminary injunctive relief this summer (see Exhibits A and B annexed hereto).

Subsequent to the Plaintiffs making clear that they were going to seek preliminary injunctive relief based upon what Plaintiffs believe to be the near certainty that they will prevail under the First Circuit's decision in Quinn v. City of Boston, supra, the City of Boston has filed a Motion for Clarification in the 30-year old Castro v. Beecher litigation, 365 F.Supp. 655 (D.Mass. 1973). The Beecher litigation has not been assigned to a Federal Judge of this Court for more than 20 years, and it is not at all clear whether the Court will even entertain the Motion for Clarification in a case which has been dormant for over 20 years.

Now, without first obtaining a ruling as to whether or not the Court will even consider the Motion for Clarification just recently filed in the Beecher case, the City of Boston has moved to stay these proceedings. For the reasons set forth herein, the Court should (1) deny the motion as premature; and (2) deny the motion to the extent it would preclude Plaintiffs from seeking preliminary injunctive relief to prevent further unconstitutional hiring.

II.     THE MOTION IS PREMATURE.

It is not at all apparent what the Federal District Court will do with the Motion for Clarification filed by the City of Boston. After all, the Beecher case is more than 30 years old, it has not been assigned to a Federal Judge for more than 20 years, none of the Federal Judges who heard the case are still on the bench, and there is no reason to

2

believe that the Court will permit the City of Boston to end run the present litigation by filing a Motion for Clarification in the <u>Beecher</u> litigation.

If the Federal District Court does permit consideration of the Motion for Clarification on the merits, then the Motion for Stay filed by the City of Boston may be worth consideration by this Court. But because it is not clear that the Motion for Clarification will be considered by the Federal District Court, it is clearly premature for this Court to issue a stay of this important litigation simply by the filing of a Motion for Clarification that may never be acted upon. For this reason, the Court should deny the Motion to Stay as premature.

III. <u>THE MOTION TO STAY SHOULD BE DENIED TO THE EXTENT IT WOULD PRECLUDE PLAINTIFFS FROM SEEKING PRELIMINARY INJUNCTIVE RELIEF TO PREVENT ANOTHER ROUND OF UNCONSTITUTIONAL HIRING</u>.

First, it is clear from the First Circuit's decision in <u>Quinn v. City of Boston</u> that the Plaintiffs are likely to prevail in the above-titled litigation. Indeed, it is apparent from the Motion for Clarification filed by the City of Boston that should this Court follow the First Circuit's decision in <u>Quinn</u>, Plaintiffs will prevail. In addition, it is clear from the two letters attached hereto that the City of Boston is in the process of hiring a new police officer class which is likely to start at the Boston Police Academy in September or October. Because Plaintiffs would likely suffer irreparable harm if a new police class was hired based upon an unconstitutional race-based system, which would result in Plaintiffs potentially having to wait years to be hired if they are successful in their litigation, the Plaintiffs intend to seek preliminary injunctive relief this summer. The Court should not issue a stay at this time which could have the affect of barring the

3

Plaintiffs from seeking preliminary injunctive relief preventing unconstitutional hiring to occur. For this reason, the motion should be denied to the extent it would bar the seeking of such preliminary injunctive relief.

Finally, the Plaintiffs have sent out discovery and are in the process of gathering some basic facts which will be necessary to a subsequent summary judgment and/or preliminary injunction motion. A stay should not be granted at this time, at least while the Plaintiffs engage in this first round of discovery. The discovery sought, two depositions and some interrogatory and document requests, can be completed expeditiously and is in the interests of all parties to complete. Therefore, the Court should not grant a stay at this time which could have the affect of barring Plaintiffs from obtaining this necessary discovery.

Respectfully submitted,

PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,
By their attorneys,

Dated: May 18, 2004

_____
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each party by first class mail, postage prepaid on May 18, 2004.

_____
Harold L. Lichten

4