UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 70-1220-W
74-2982-C

| | |
|---|---|
| PEDRO CASTRO, et al., <br> Plaintiffs <br><br> v. <br><br> NANCY BEECHER, et al., <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUN IN SUPPORT OF MOTION OF PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, AND BRIAN DUNFORD TO INTERVENE, SHOULD THE COURT GRANT DEFENDANT CITY OF BOSTON'S REQUEST TO CONSIDER CLARIFICATION OF CONSENT DECREE**

I.   <u>INTRODUCTION</u>.

Several months ago the interveners filed an action in this Court challenging the system utilized by the Boston Police Department for hiring entry-level police officers as violative of the Fourteenth Amendment to the United States Constitution. Simply, the interveners (as plaintiffs in that action) argue that the First Circuit's decision in <u>Quinn, et al. v. City of Boston, et al.</u>, 325 F.3d 18 (1st Cir. 2003), mandates that the system used by the Boston Police Department be struck down and that as a result the plaintiffs be hired as Boston police officers with retroactive back pay and other financial losses. The defendant City of Boston has filed an answer and the case is proceeding through litigation before Judge Saris. See <u>DeLeo, et al. v. City of Boston, et al.</u>, Civil Action No. 03-12538-PBS.

Now, the defendant in that case, the City of Boston, has filed a motion in this case, a case more than 30 years old, seeking clarification of the consent decree issued therein. For the reasons set forth below, if this Court agrees to consider the City's motion for clarification and to expedite such consideration, the interveners here are entitled as a matter of right to be joined as parties so that they can properly protect their rights.

II. <u>BECAUSE, IF THIS COURT AGREES TO CONSIDER THE CITY'S MOTION FOR CLARIFICATION IN THIS ACTION, THE DISPOSITION OF THAT MOTION WILL, AS A PRACTICAL MATTER, IMPAIR THE INTERVENERS' INTEREST TO PROTECT THEIR RIGHTS, AND COULD EFFECTIVELY RESOLVE THEIR CLAIM, INTERVENTION IS AS A MATTER OF RIGHT UNDER RULE 24.</u>

As made clear by the City of Boston's motion to intervene, the motion for clarification seeks a determination of the exact issue which is pending in <u>DeLeo, et al. v. City of Boston, et al.</u>, Civil Action No. 03-12538-PBS, an action in which the interveners here are plaintiffs. In that case, the interveners contend that because the City of Boston reached racial parity in the police officer position within the City of Boston by the year 2002 or sooner, it was unconstitutional for the City to maintain a race-based hiring system. See <u>Quinn v. City of Boston</u>, supra. In the motion for clarification now filed in the above-titled case, the City essentially seeks a legal opinion from the Court which would, in effect, determine the very issue present in the DeLeo case, and which would likely resolve (either in the interveners' favor or not) the exact issue to be decided in <u>DeLeo</u>. A ruling would therefore conclusively determine the interveners' claims.

Rule 24 of the Federal Rules of Civil Procedure states that intervention shall be granted as a matter of right "when the applicant claims an interest relating to . . . the

transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest. . . ." It is hard to imagine a case where Rule 24(a) would apply with more force than the present case. If the Court agrees to consider clarification of the consent decree in this 30-year old case, its decision will effectively dispose of the interveners' rights in their underlying Federal Court action. For this reason, the interveners' motion to intervene should be granted.

Respectfully submitted,

Paul DeLeo, Jr., Thomas Barrett,
Michael Conneely, Matthew Hogardt,
Brendan Dever, Patrick Rogers,
Christopher Car, and Brian Dunford,
By their attorneys,

Dated: May 18, 2004

Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by First Class Mail, postage prepaid on May 18, 2004.

Harold L. Lichten