UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUN -1 P 3:08
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| PAUL DELEO, JR., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 03-12538 PBS |
| CITY OF BOSTON, *et al.*, | ) |
| Defendants, | ) |
| BOSTON BRANCH OF THE NAACP and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS, | ) |
| Intervenors. | ) |

**INTERVENORS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTIONS FOR CLARIFICATION OF CONSENT DECREE AND TO STAY PROCEEDINGS**

The Intervenors, the Boston Branch of the National Association for the Advancement of Colored People ("NAACP") and the Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO"), respectfully submit this memorandum in opposition to Defendant City of Boston's ("City") Motion for Clarification ("Clarification Motion") of the Consent Decrees in the Castro v. Beecher cases, Civil Action Nos. 70-1220-W and 74-2982-C ("Castro Consent Decrees"), and in opposition to the City's Motion To Stay Proceedings ("Stay Motion") in this litigation. In support of their opposition, the NAACP and MAMLEO state the following:

1.   Trying to address the core issue in this case – i.e., whether "parity" has been achieved in the Boston Police Department under the Castro Consent Decrees – at the outset of the litigation is likely to deprive the Court of important evidence to be adduced in discovery,

such as party admissions as to the meaning of parity and evidence regarding how the term has been construed and applied in practice.

2.   Reaching the issue of parity now would also be highly inefficient. Even if the Court could "clarify" the meaning of parity without evidentiary submissions, full discovery would still be necessary on the issue of whether parity, as defined by the Court, had been achieved in the Boston Police Department. Therefore, essentially no conservation of resources would occur by reversing the normal course of the litigation process, as the City proposes.

3.   The result in Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003), upon which the City relies,[1] does not dictate a conclusion as to the meaning of parity in this case. Castro involved different city agencies, different facts, and, most important, different consent decrees. Indeed, the absence of the phrase "entry level patrolmen" in the Castro Consent Decrees suggests that the determination of parity will not turn on the interpretation of such a phrase, as the City claims, and that Quinn's "firefighter" rationale is inapplicable to Castro. As a result, it appears that the plaintiffs will at best be able to argue that the Castro Consent Decrees are ambiguous as to how parity is measured, in which case evidence regarding the City's performance of the Castro Consent Decrees will be directly relevant to the meaning of "parity."

4.   In addition, there will be a substantial issue in this case as to whether each of the plaintiffs has standing to sue in the first place. The Amended Complaint assumes that but for the Castro Consent Decrees, the City would have appointed each of the plaintiffs as new police officers. In fact, even in the absence of the Castro Consent Decrees, the Boston Police Department would have needed to exhaust the entire pool of non-minority candidates with statutory preferences before reaching the plaintiffs. In 2002, for example, there were

---

[1] NAACP and MAMLEO disagree with the plaintiffs' assertions in their Opposition to the City's motions that Quinn either applies to the facts of Castro or dictates a judgment in the plaintiffs' favor.

approximately 23 non-minorities with statutory preferences who were not reached for appointment; all 23 of these non-minorities would have been entitled to consideration for the open positions before the plaintiffs. Adjudicating any aspect of the parity issue before determining whether the plaintiffs even have standing to sue may well put the Court in the position of issuing what would essentially be an unnecessary advisory opinion.

5. In short, deciding the parity issue first will not, as the City suggests, fully determine the rights and/or liabilities of the parties in this action, nor will it obviate or reduce the need for discovery in this litigation. Regardless of an early determination of the issue, NAACP and MAMLEO will need to seek discovery regarding, among other things: whether the plaintiffs have standing to bring this action; whether the plaintiffs in fact would have been appointed as police officers had the Castro Consent Decrees not been in effect; whether the numbers relied on by the plaintiffs and/or the City to determine parity are accurate; whether the civil service exam should be examined for validity; and what effect the elimination of the Castro Consent Decrees would have on the City's future hiring of minority police officers.

6. The City's approach is likely to waste rather than conserve resources. In particular, if the City's Clarification Motion is granted and the Court permits briefing on the issue of how parity is to be calculated without the development of a factual record, it is likely that evidence relevant to the legal question of parity will be discovered in this litigation, which would then lay the groundwork for a motion for reconsideration by any party based on newly discovered evidence.

7. Alternatively, should this Court determine that clarification in Castro is appropriate and should precede this litigation, NAACP and MAMLEO will request leave to be permitted to file a motion to intervene in the Castro case for purposes of submitting an

opposition brief showing the that <u>Quinn</u> is inapplicable to <u>Castro</u>, and further will request the opportunity to seek discovery of the City regarding, among other things, its course of performance of the Castro Consent Decrees.

For the foregoing reasons, Intervenors MAMLEO and NAACP oppose Defendant City of Boston's motions for clarification of the Castro Consent Decrees and to stay these proceedings.

June 1, 2004                                NAACP and MAMLEO

By their attorneys,

_[signature]_

Nadine Cohen (BBO #090040)                  Harry T. Daniels (BBO # 113800)
Lawyers' Committee for Civil Rights         Mark D. Selwyn (BBO #565595)
Under Law of the Boston Bar                 Wilmer Cutler Pickering Hale and Dorr LLP
Association                                 60 State Street
294 Washington Street                       Boston, Massachusetts 02109
Boston, MA 02108                            (617) 526-6000
(617) 482-1145

Robin L. Alperstein
  (admission *pro hac vice* pending)
Wilmer Cutler Pickering Hale and Dorr LLP
300 Park Avenue
New York, NY 10022
(212) 937-7200

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by hand / by mail) on 6-1-04

_[signature]_