UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUL -1  P 4: 54
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF BOSTON, Massachusetts; MITT ROMNEY, in his capacity as Governor of the Commonwealth of Massachusetts; and COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendants <br><br> BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS, <br><br> Intervenors | Docket No. 03-12538-PBS |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER TO QUASH THE INTERVENORS' NOTICED DEPOSITIONS OF THE PLAINTIFFS**

On this date, Plaintiffs' filed a Motion for Protective Order to Quash the Intervenors' Noticed Depositions of the Plaintiffs. The following are the Plaintiffs arguments in support of their motion.

I.   **BACKGROUND**

In this action, based upon the identical legal grounds that caused the First Circuit to hold unconstitutional the Boston Fire Department's method of hiring entry-level fire fighters, see

1

Quinn, et al. v. City of Boston, 325 F.3d 18 (1st Cir. 2003), the Plaintiffs seek to strike down as unconstitutional the race-based hiring system for entry-level police officers currently used by the City of Boston Police Department.

On May 27, 2004, the parties to this action filed a Joint Statement pursuant to Local Rule 16.1(D) agreeing that the issue of liability should be addressed and decided by the Court prior to consideration of the issue of remedy and that initial discovery would therefore be limited to the issue of liability. See Exhibit A attached hereto. Thereafter, on June 21, 2004, the undersigned received Intervenors' Notices of Depositions of all eight Plaintiffs to take place from July 7 through July 9, 2004. See Exhibits B-I attached hereto. By letter of June 22, 2004, see Exhibit J attached hereto, and by conversations on that date with counsel for the Intervenors, see Exhibit K attached hereto, Plaintiffs' counsel attempted to resolve the issue currently before the Court on Plaintiffs' motion.

In order to establish liability under the dictates of the Quinn decision, supra, the Plaintiffs must establish that the Defendants unlawfully failed to consider them based on their race. The Plaintiffs need not establish that they would have been given a conditional offer of employment or that they would have ultimately been hired; they need only establish that but for the Defendants' improper race-based approach to hiring, they would have been or will be reached for consideration during the Defendants' hiring process. To establish this failure in the context of the Defendants' hiring process, the evidence must show that after taking the relevant police officer examination, the Plaintiffs would have been ranked high enough on the Defendants' certification list to be reached or considered for hiring in the absence of race-based considerations. The information necessary to make this purely mathematical calculation has already been exchanged in the form of the discovery provided by the Defendants, and the

calculations based on those materials conclusively determine that the Plaintiffs would have been reached for consideration in the absence of race-based considerations. See Exhibit K.

With regard to standing, the First Circuit has issued two decisions in a similar case challenging the race-based hiring process for the Boston Police Department. In Donahue v. City of Boston, 304 F.3d 110, 116-19 (2002) (Donahue I), the First Circuit held that the individual plaintiff did not have standing to sue for retrospective relief because he scored so low on the relevant examination that he could not demonstrate that he would have been hired but for the race-based hiring process. However, the Court remanded the case to the District Court to consider whether the plaintiff had standing to sue for prospective relief by showing that he is "able and ready" to apply for future appointment and yet is affected by unequal race-based treatment. Id. at 119-21. When the case reached the First Circuit a second time, the Court determined that the plaintiff did not have standing to seek prospective relief because he did not meet the age requirements to sit for the police officer examination — i.e., that he was "not able and ready to apply for appointment . . . ." Donahue v. City of Boston, No. 03-2227, slip op. at 13, 2004 WL 1244496 (1st Cir. June 8, 2004) (Donahue II).

Under the holdings of Donahue I and Donahue II, the Plaintiffs in this case can demonstrate standing for both retrospective relief and prospective relief based on the information already provided by the Defendants through the discovery process. The Plaintiffs' names all appear on the certification lists used to hire the March 2002 and October 2003 hiring classes, and simple mathematical calculations show conclusively that the Plaintiffs would have been reached for consideration had the Defendants used a race-neutral hiring process. See Exhibit K. Moreover, because the Plaintiffs all met the age requirement to have sat for the last police officer examination for the Boston Police Department, they are all still "able and ready to apply for

appointment" to the Department, and they all therefore have standing for purposes of retrospective relief.

The fact that the Plaintiffs could be disqualified from consideration at a later point in the hiring process is relevant only in determining remedy, as the relevant question with regard to determining liability (and standing) is whether the Defendants violated the Plaintiffs rights by failing even to consider them for employment because of their race. The entirety of the information necessary to establish standing and liability can be gathered from the documents provided by the Defendants and the testimony of the Defendants' representatives during the discovery process, and the Plaintiffs can add nothing more to this inquiry.[1]

## II. ARGUMENT

As explained above, supra Part I, the First Circuit established liability in the nearly identical Quinn case based on the Defendants' unlawful consideration of race in the hiring process for firefighters that led to the Defendants' failure to even consider Quinn and the other plaintiffs for employment. As also explained above, supra Part I, the First Circuit established in Donahue I & II the minimal requirements for standing to bring this type of action. It is under these standards that this Court must consider the discovery issues presently before it.

Rule 26(c) of the Federal Rules of Civil Procedure provides that a District Court may grant a protective order limiting or restricting discovery for good cause shown to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." While the party

---

[1] During Plaintiffs' counsel's attempt to resolve this issue prior to filing this motion, the Intervenors suggested that they would depose the Plaintiffs regarding their qualifications to be police officers for the City of Boston. However, neither the City nor the Commonwealth Defendants engage in any sort of background investigation into the applicants' qualifications until after a conditional offer of employment is made (based on the applicants' rankings on the certification list). It is for the City of Boston Police Department, and not for the Intervenors, to conduct any background investigations on prospective applicants, and the Intervenors should not be allowed to use the discovery process to conduct such background investigations on these police officer candidates before even the time when the Defendants would conduct those investigations.

4

seeking the protective order has the burden of showing good cause for such order, a party seeking discovery has the corresponding burden of "showing that the discovery requested will likely produce probative evidence on the party's behalf." Vitrionics Corp. v. Conceptronic, Inc., 1993 WL 300882 at *3 (D.N.H. March 29, 1993), citing Hoffman v. Reali, 973 F.2d 980, 987 (1st Cir. 1992). In a case where issues of liability and damages have been bifurcated, the evidence sought through discovery in the liability phase must correspondingly be likely to produce probative evidence regarding liability. See, e.g., Union Carbide Chemicals and Plastics Co., Inc. v. Vulkor, Inc., 1991 WL 97449 at *1 (D. Mass. May 31, 1991) (recognizing that discovery requested during the liability phase of a bifurcated trial could not pertain solely to damages).

As discussed above, the Intervenors could not possibly receive any probative evidence by deposing the Plaintiffs during the liability stage of this proceeding. The testimony and documents provided by the Defendants during the discovery process establish that the Plaintiffs appear on the Defendants' certification list of eligible candidates for employment as entry-level Boston Police officers, so the Plaintiffs have met the standing requirements as described in Donahue. Moreover, the Defendants' discovery materials also conclusively establish that but for the race-based considerations in the ranking of candidates, the Plaintiffs would have been reached for consideration for positions in the Boston Police Department, which satisfies the liability requirements dictated in the Quinn decision. Therefore, no further evidence is necessary to establish standing or liability in this case, and any examination of the Plaintiffs at this time would go beyond the limited review necessary to show that the Defendants took actions that deprived the Plaintiffs of their right to be fairly considered for hiring.

For these reasons, it would be an unwarranted and undue burden and expense for the Intervenors to depose any of the Plaintiffs as they have demanded, let alone for the Intervenors to depose all of the Plaintiffs. In addition, and to that end, the Intervenors' Notices of Depositions for all eight plaintiffs scheduled to take place seriatim over the course of three days evinces an attempt by the six listed attorneys representing the Intervenors to annoy, oppress, and burden the Plaintiffs and their counsel through the discovery process.

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this honorable Court issue a protective order quashing the Intervenors' Noticed Depositions of the Plaintiffs.

Respectfully submitted,

PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,
By their attorneys,

Dated: July 1, 2004

_____
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney(s) of record for each party by __overnight mail__ on July _1_, 2004.
                        (method)

_____
Harold L. Lichten

6