UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,<br>　　　　　　　　　Plaintiffs<br><br>v.<br><br>CITY OF BOSTON, Massachusetts; MITT ROMNEY, in his capacity as Governor of the Commonwealth of Massachusetts; and COMMONWEALTH OF MASSACHUSETTS,<br>　　　　　　　　　Defendants<br><br>BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS,<br>　　　　　　　　　Intervenors | Docket No. 03-12538-PBS |

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND/OR FOR PRELIMINARY INJUNCTION

The Plaintiffs, Paul DeLeo, Jr., Thomas Barrett, Michael Conneely, Matthew Hogardt, Brendan Dever, Patrick Rogers, Christopher Carr, and Brian Dunford, hereby move for Summary Judgment and/or for a Preliminary Injunction. These motions are supported by the attached Memorandum of Law and Plaintiffs' Rule 56.1 Statement of Facts Not in Material Dispute ("SOF").

1

Plaintiffs allege that the Defendants failed to consider and select them for entry-level Boston Police Officer positions pursuant to an unjustified race- and/or gender- based selection system that violates the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Mass. Gen. Laws ch. 151B, § 4(1). The Defendants have persisted in applying a thirty-one (31) year old affirmative action plan favoring minorities despite the fact that at the time it failed to consider the Plaintiffs for selection, in March 2002 and October 2003, the percentage of minority Boston Police Officers clearly exceeded the percentage of minorities in the qualified labor pool and that during this same time period, the percentage of minority Boston Police Officers reached rough parity with the percentage of minorities in the population of the City of Boston. The Defendants have also used a hiring process that considered only female candidates without sufficient justification for that gender limitation.

Plaintiffs are thus entitled to summary judgment in their favor on all counts.

Plaintiffs further seek injunctive relief in the form of order that the Defendants immediately cease using race and/or gender in their hiring practices for the City of Boston Police Department and that the City immediately consider the Plaintiffs for appointment as police officers. Preliminary injunctive relief is appropriate because the Plaintiffs are likely to succeed on the merits of their claims because the violations of their civil rights are clear. Moreover, irreparable harm is presumed in this case based on the violation of the Plaintiffs' constitutional rights. Finally, the balance of hardships weighs in the Plaintiffs' favor, and such an injunction will not harm the public interest.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter summary judgment in their favor and schedule a damages hearing in the near future.

2. Enter a Preliminary Injunction requiring the Commonwealth and the City to cease and desist from using race and/or gender in its hiring process for the City of Boston Police Department and requiring the City of Boston to immediately consider the Plaintiffs for positions as police officers.

3. Enter any other relief which is just and proper.

Respectfully submitted,

PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,

By their attorneys,

_____
Harold L. Lichten, BBO #549689
Alfred Gordon, BBO #630456
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date:  July 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by __hand delivery__ on July 15, 2004.
(method)

_____
Alfred Gordon

3