UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PAUL DELEO, JR., THOMAS BARRETT,
MICHAEL CONNEELY, MATTHEW HOGARDT,
BRENDAN DEVER, PATRICK ROGERS,
CHRISTOPHER CARR, and BRIAN DUNFORD,

           Plaintiffs,

v.                                                                                   Civil Action No. 03-12538-PBS

CITY OF BOSTON, Massachusetts,
MITT ROMNEY, in his Capacity as Governor of the
Commonwealth of Massachusetts, and
the COMMONWEALTH OF MASSACHUSETTS,

           Defendants,

BOSTON BRANCH OF THE NATIONAL
ASSOCIATION FOR THE ADVANCEMENT OF
COLORED PEOPLE AND MASSACHUSETTS
ASSOCIATION OF MINORITY LAW
ENFORCEMENT OFFICERS,

           Intervenors.
_____

**MOTION OF THE INTERVENORS AND DEFENDANTS
FOR FOUR-WEEK EXTENSION TO RESPOND TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Intervenors and the Defendants hereby move for a four-week extension until September 2, 2004 to respond to Plaintiffs' Motion for Summary Judgment and/or for Preliminary Injunction (Docket No. 53), filed July 15, 2004.

In support of this request, the Intervenors and Defendants state as follows:

1.  The Intervenors and Defendants did not expect that the Plaintiffs would be filing a motion for summary judgment on July 15, 2004. At no time, including when before the Court at the Scheduling Conference on June 2, 2004, did the plaintiffs indicate an intent to file a motion

- 1 -

BOSTON 1959438v1

for summary judgment on July 15, 2004. To the contrary, the Scheduling Order entered by the Court on June 2, 2004 contemplated that the plaintiffs would be filing *only* a motion for preliminary injunction on July 15, 2004. The Scheduling Order says nothing about the filing of a motion for summary judgment. Furthermore, the Joint Statement filed by the parties on May 27, 2004 (Docket No. 27) contemplated that discovery on liability issues would continue until *December 1, 2004* and that the deadline for the filing of dispositive motions would not be until *January 15, 2005*.

2. Despite that, on July 15, 2004, the plaintiffs filed a summary judgment motion. That motion included an expert report. Under the Joint Statement, the Intervenors and Defendants were to have until *October 1, 2004* to submit their expert reports.

3. In order to respond to the summary judgment motion, the Intervenors and Defendants will need, at a minimum, an opportunity (1) to retain and consult with their own expert(s), (2) to take the depositions of the plaintiffs[1] and their expert, and (3) to consult with their clients and prepare affidavits and other materials necessary for their response. It is not possible for the Intervenors and Defendants to accomplish all this critical work by August 5, 2004, especially given that the police and city officials with whom the Intervenors and Defendants need to consult are occupied by the Democratic National Convention in Boston.

4. By their motion, the Plaintiffs seek to abolish a longstanding consent decree that has operated to improve the hiring practices of the Boston Police Department and to make its racial composition more reflective of that of the community that the force protects. Given the public

---

[1] The Intervenors had hoped that they could complete the depositions of the plaintiffs earlier this month. To that end, the Intervenors noticed the depositions to occur on July 7, 8, and 9. However, Plaintiffs filed a motion for protective order on July 1, 2004 to block those depositions from occurring (Docket No. 45), and they have not gone forward. Last Thursday, however, Intervenors and Defendants received a July 21, 2004 letter from counsel for the plaintiffs (a copy of which was apparently also sent to the Court) indicating that he now has no objection to the depositions going forward on the issue of standing. Unfortunately, the offer comes too late for these depositions to be completed by August 5, 2004.

- 3 -

importance of the issues raised by the motion, and the serious adverse impact that the relief sought by the motion would cause to the community, the Plaintiffs should not be permitted to put the Intervenors and Defendants in a position where they are denied the discovery to which they are entitled (and permitted under the schedule to which Plaintiffs agreed) and then forced to respond to the motion on an extremely rushed basis.

5. The appointments that the Plaintiffs seek to enjoin are not scheduled to occur until late October or November. Accordingly, there is no bona fide necessity for the motion to be fully briefed and heard within the next four weeks, as the current schedule contemplates.

6. Pursuant to Local Rule 7.1, counsel for the Intervenors conferred (via voice mail) with counsel for Plaintiffs, but were unable to reach agreement on the subject matter on this motion.

WHEREFORE, the Intervenors and Defendants request that the Court enter an Order:

(1) extending until September 2, 2004 the time for them to respond to Plaintiffs' Motion for Summary Judgment and/or for Preliminary Injunction; and

(2) rescheduling the hearing now set for August 20, 2004 until a convenient date for the Court after the completion of briefing.

- 3 -

| CITY OF BOSTON | COMMONWEALTH OF MASSACHUSETTS |
|---|---|
| Merita A. Hopkins<br>Corporation Counsel, City of Boston<br>By its attorneys, | Thomas F. Relly<br>Attorney General<br>By its attorneys, |
| /s/ Stephen G. Cox | /s/ Robert L. Quinan, Jr. |
| _____<br>Stephen G. Cox (BBO #566943)<br>Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, Boston City Hall<br>Boston, Massachusetts 02201<br>(617) 635-4064 | _____<br>Robert L. Quinan, Jr. (BBO #553010)<br>Victoria S. Cole (BBO #654996)<br>Assistant Attorneys General<br>Government Bureau<br>One Ashburton Place, Room 2019<br>Boston, Massachusetts 02108<br>(617) 727-2200, ext. 2554 |
| /s/ Betsy J. Facher | BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS |
| _____<br>Betsy J. Facher (BBO #637613)<br>Staff Attorney<br>Office of the Legal Advisor<br>Boston Police Department<br>One Schroeder Plaza<br>Boston, MA 02120<br>(617) 343-4550 | |
| | By their attorneys, |
| | /s/ Mark D. Selwyn |
| | _____<br>Harry T. Daniels (BBO # 113800)<br>Mark D. Selwyn (BBO #565595)<br>Jennifer L. Carpenter (BBO #647214)<br>Christopher R. Noyes (BBO #654324)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>(617) 526-6000 |

- 5 -

        Robin L. Alperstein (*pro hac vice*)
        Wilmer Cutler Pickering Hale and Dorr LLP
        300 Park Avenue
        New York, New York  10022
        (212) 937-7200

        Nadine Cohen (BBO # 090040)
        Lawyers' Committee For Civil Rights
          Under Law of the Boston Bar Association
        294 Washington Street, Suite 443
        Boston, Massachusetts  02108
        (617) 482-1145

Dated:  July 27, 2004

## CERTIFICATE OF SERVICE

    I, Mark D. Selwyn, hereby certify that a copy of the foregoing has been served via first class mail this 27th day of July, 2004 upon all counsel of record.

        /s/ Mark D. Selwyn
        _____
        Mark D. Selwyn