UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO CASTRO, et al., <br> Plaintiffs <br><br> v. <br><br> NANCY BEECHER, et al., <br> Defendants | Civil Action No. 70-1220-WRT <br> 74-2982-CS <br><br> 03 CV 12538 |

MEMORANDUM IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR LEAVE TO SUBMIT AN OPPOSITION TO DEFENDANT CITY OF BOSTON'S RENEWED MOTION FOR CLARIFICATION OF CONSENT DECREE

I.    INTRODUCTION

Several months ago, Paul DeLeo, Jr., Thomas Barrett, Michael Conneely, Matthew Hogardt, Brendan Dever, Patrick Rogers, Christopher Carr, and Brian Dunford (the proposed Intervenors) filed an action in this Court challenging the system utilized by the Boston Police Department for hiring entry-level police officers as violative of the Fourteenth Amendment to the U.S. Constitution, as well as federal and state civil rights laws. The City of Boston and Commonwealth of Massachusetts, both Defendants in that action, have filed answers, and the case is proceeding through litigation before Judge Saris. See DeLeo, et al. v. City of Boston, Civil Action No. 03-12538-PBS. As more fully explained in the memorandum in support of the proposed Intervenors' motion to intervene, after the proposed Intervenors brought the above-referenced action, the City filed the instant motion for clarification in this case, which would, in effect, determine the very issue present in the DeLeo case.

1

Per this Court's scheduling order in Civil Action No. 03-12538-PBS, on July 15, 2004, the City and the Commonwealth filed briefs regarding the City's motion for clarification in the captioned matter. For the reasons set forth below, the proposed Intervenors seek leave to file a reply to the Defendants' briefs regarding the City's motion for clarification. Furthermore, the proposed Intervenors request that such reply be scheduled for filing on August 12, 2004, the date set for the proposed Intervenors' filing of their reply to the oppositions to their motion for preliminary injunction and summary judgment.

II. <u>BECAUSE THE MOTION FOR CLARIFICATION DIRECTLY AFFECTS THE PROPOSED INTERVENORS' INTERESTS AS RAISED IN THE RELATED ACTION, AND BECAUSE THE REQUESTED RESPONSE WOULD ADDRESS THE SAME ISSUES AND RAISE IDENTICAL ARGUMENTS AS THE REPLY TO OPPOSITION IN THE RELATED LITIGATION, THE PROPOSED INTERVENORS SHOULD BE GRANTED LEAVE TO FILE A REPLY TO THE DEFENDANTS' BRIEFS IN THE CAPTIONED MATTER IN CONJUNCTION WITH THEIR REPLY TO OPPOSITION IN THE RELATED MATTER.</u>

As explained in the proposed Intervenors' memorandum in support of their motion to intervene, the instant motion for clarification seeks a determination of the exact legal issue pending in the <u>DeLeo</u> case. In the <u>DeLeo</u> case, the Intervenors contend, in relevant part, that because the City of Boston reached racial parity in the police officer position, it was unconstitutional for the City and the Commonwealth to maintain a race-based hiring system. See <u>Quinn v. City of Boston</u>, 325 F.3d 18 (1st Cir. 2003). In the motion for clarification filed in the captioned case, the City seeks a legal opinion from the Court regarding the method of calculating racial parity pursuant to a consent decree issued in this matter more than 30 years ago. Should the Court grant the City's motion and clarify the

2

decree, the ruling would conclusively determine the issue in the matter filed by the proposed Intervenors.

Per the Court's June 2 scheduling order in the DeLeo case, the City and the Commonwealth have now filed briefs regarding the City's motion to clarify. Those briefs set forth the positions of the City and the Commonwealth as to how parity is to be measured. As this measurement will be the overriding determination in the DeLeo case, the proposed Intervenors would be prejudiced in their related action if not allowed to reply to the City's and Commonwealth's briefs herein as to the proper manner of parity calculation. Therefore, the proposed Intervenors respectfully request leave to file a reply to the City's and Commonwealth's briefs relating to the City's motion to clarify.

Moreover, any such reply filed by the proposed Intervenors in this matter would raise substantially the same legal issues and put forth the same legal arguments as the Intervenors would proffer in their reply to the oppositions of the City and Commonwealth to the motion for preliminary injunction and summary judgment filed in the DeLeo action. Per the Court's June 2 scheduling order, the proposed Intervenors (Plaintiffs in the related action) must file their reply to opposition on August 12, 2004. To avoid duplication of effort and judicial resources in reviewing and responding to the parties' filings, the proposed Intervenors respectfully request that any such reply to the City's motion for clarification in the captioned matter be filed together with the reply to opposition in the DeLeo case on August 12, 2004.

For these reasons, the proposed Intervenors motion for leave to file a reply on August 12, 2004, to the City's motion for clarification in the captioned matter should be granted.

Respectfully submitted,

PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,

By their attorneys,

*/s/ Alfred Gordon*
Harold L. Lichten, BBO #549689
Alfred Gordon, BBO #630456
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date:   July 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by _____first class mail_____ on July 21, 2004.

*/s/ Alfred Gordon*
Alfred Gordon