## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Kathrine D. Shea

M. Amy Carlin
Catherine Highet
Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon

***Tod A. Cochran
Of COUNSEL

***Also admitted in California

*Also admitted in Maine
**Also admitted in New York

July 21, 2004

Christopher Noyes, Esq.
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts 02109

Re:   Paul DeLeo, Lr., et al. v. City of Boston, et al.
      Civil Action No.: 03-12538-PBS

Dear Mr. Noyes:

We are in receipt of your cover letter and Memorandum of Law in Opposition to Plaintiffs' Motion for Protective Order and Request for Hearing. Having reviewed your arguments, and mindful of our obligation to resolve issues raised on motions, we offer the following response.

Though I do not recall being assured, as described in your memorandum [p. 2], that the questions in the depositions would be limited to the issue of standing, now that I have been so assured, we can likely make arrangements for depositions should any issues of standing remain unaddressed at this point. We completely agree that the issue of qualifications to become Boston police officers is of extreme importance in this matter, as the issue of qualifications relates both to the standing of the Plaintiffs to bring this cause of action and to the analysis of the qualified labor pool that is necessary for a constitutionally valid racial parity measurement. Therefore, we do not object to satisfying the Intervenors that the Plaintiffs have the requisite qualifications to be considered for police officer positions.

In this regard, in your memorandum, you point to residency and education requirements as necessary pre-certification qualifications to be considered for Boston police officer positions. [Memo., Part II(A) & (B).] We would add to this list the factors of age, citizenship, drivers' licensure, felony criminal records, and exam scores. As noted in your memorandum, there are other post-certification qualifications that would be identified through medical, physical, and psychological testing. [Memo. at 4 n.1.] However, as these post-certification qualifications are not judged until after a conditional offer of employment is made, it would not be necessary for the Plaintiffs to establish their

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

ability to meet these qualifications to have standing in this matter. Rather, those qualifications would be adjudged by the City in the event that the Plaintiffs successfully establish liability and are granted relief in the form of consideration by the City for police officer positions. See Quinn v. City of Boston, 279 F. Supp. 2d 51, 52 (D. Mass. 2003) (ordering the City to hire plaintiffs in similar firefighter litigation subject to the plaintiffs "(a) passing the Departmental medical examination; (b) passing a background check and drug test; (c) passing the Departmental physical agility test; (d) compliance with the City's residency requirement; and (e) successful completion of academy training").

With regard to the Plaintiffs who are tied for eligibility with other non-plaintiff applicants, we think it important to highlight a statement made in your memorandum on this point. You correctly stated, citing to the testimony of Edward Callahan, [Memo. at 8-9], that the City's selection of applicants for consideration from within a tie group is "absolutely discretionary." Because that decision is within the Boston Police Department's absolute discretion, and because it is clear that the Plaintiffs would have been reached for such discretionary consideration, we do not see how you have the right to perform this function through a deposition.

Though we concur that it is necessary and important for the Plaintiffs to meet the pre-certification qualifications to establish their eligibility to become Boston police officers, we believe that the Plaintiffs have established such eligibility through the sworn affidavits they made in support of their motion for summary judgment and preliminary injunction. [Attached hereto as Ex. 1-8.] These affidavits address all of the pre-certification qualifications noted in your memorandum, as well as the additional factors raised in this letter. However, if you wish to depose the Plaintiffs further on the issue of standing – i.e., the issue of their pre-certification qualifications – please let us know, and we will reschedule the depositions accordingly.

Sincerely,

Harold Lichten /dad

Harold L. Lichten

cc:  Judge Patti B. Saris
    Nadine Cohen, Esq.
    Stephen G. Cox, Esq.
    Besty Facher, Esq.
    Robert L. Quinan, Jr., Esq.
    Mark Selwyn, Esq., for himself and
        Harry Daniels, Esq.
        Jennifer L. Carpenter, Esq.
        Robin L. Alperstein, Esq.