UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD, <br>     Plaintiffs <br><br> v. <br><br> CITY OF BOSTON, Massachusetts; RUTH BRAMSON, in her capacity as Chief Human Resources Officer for the Commonwealth of Massachusetts; and COMMONWEALTH OF MASSACHUSETTS, <br><br>     Defendants <br><br> BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS, <br><br>     Intervenors | Docket No. 03-12538-PBS |

PLAINTIFFS' OPPOSITION TO MOTION OF THE INTERVENORS
AND DEFENDANTS FOR FOUR-WEEK EXTENSION TO RESPOND
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On July 18, 2004, the Plaintiffs received the Motion of the Intervenors and Defendants for a Four-Week Extension to Respond to Plaintiffs' Motion for Summary Judgment. In response, the Plaintiffs hereby submit this opposition to the Intervenors' and Defendants' motion.

In support of this opposition, the Plaintiffs state as follows:

1

1.    Though the Scheduling Order issued by this Court on June 2, 2004, required only that Plaintiffs submit a motion for preliminary injunction by July 15, 2004, the Plaintiffs consolidated their request for a preliminary injunction with a motion for summary judgment because the evidence and arguments required to support their motion for preliminary injunction encompassed the same evidence and arguments required to support their motion for summary judgment. Moreover, this was the procedure employed in the similar case of <u>Quinn v. City of Boston</u> (Civil Action No. 01-CV-10598-RGS), in which the Defendants and Intervenors were all parties.

2.    The purpose behind the expedited scheduling for the preliminary injunction, as detailed during the scheduling conference, was to ensure that the Plaintiffs' request for injunctive relief could be ruled upon prior to the Defendants' use of an unconstitutional race-based hiring system in making appointments to police officer positions. The City is currently engaged in the hiring process using a certification list that the Commonwealth prepared using race as a factor. [Rule 56.1 Stmt. of Facts ¶ 38, Ex. A at 54-55, Ex. 29.] Though the Intervenors and Defendants have asserted that these appointments are not scheduled to occur until late October or November, [Mot. for Extension ¶ 5], this assertion is absolutely unsupported in the motion.

3.    Any potential relief for the Plaintiffs in this action may be dependent on their attaining temporary injunctive relief at this time. Furthermore, the strong public policy against the unconstitutional use of race in employment decisions by governmental actors necessitates immediate resolution of the Plaintiffs' request for preliminary injunction. For these reasons, if the Court wishes, the Plaintiffs would be willing to withdraw their request for summary judgment at this time and allow the parties to submit

their position solely on the Plaintiffs' motion for preliminary injunction in the time frame set forth in the scheduling order.

5. In the alternative, the Plaintiffs would not oppose the Court granting the requested extension if the Defendants will agree to refrain from hiring any police officers until the Court rules on the Plaintiffs' request for preliminary injunction.

Respectfully submitted,

PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD,

By their attorneys,

_____
Harold L. Lichten, BBO #549689
Alfred Gordon, BBO #630456
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date: July 30, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by ___hand delivery___ on July 30, 2004.

_____
Alfred Gordon

3