# PUBLIC SAFETY CIVIL SERVICE REQUISITION

City/Town Department __BOSTON POLICE__

Dept. Mailing Address __1 Schroeder Plaza,    Boston    02120__
                          Street            City          Zip Code

Telephone Number __617-343-4677__    *220833*

Appt. Auth. __Paul F. Evans,    Police Commissioner__
               Name                   Title

Address __1 Schroeder Plaza, Boston 02120__

Telephone Number __617-343-4677__    *80136000*

Date __July 8, 2002__

*Voted on Requisition Book*

To the Personnel Administrator:

I hereby certify that I have the power of appointment and promotion and that there are no employees entitled to reinstatement in this position (see M.G.L. Chapter 31, Section 39) and I further certify that vacancies exist as described below.

Please send separate requisitions for certification and examination requests.

**Vacancy Data**

I request CERTIFICATION from an existing OPEN COMPETITIVE eligible list.    __XX__

I request CERTIFICATION from an existing DEPARTMENTAL PROMOTIONAL eligible list.    _____

I request an EXAMINATION as described on the reverse side.    _____

**Position Title** __Police Officer__    **Municlass Title Code** __311250__    **Number of Vacancies** __15__

__XX__ Permanent    ____ Temporary    __XX__ Full-Time    ____ Reserve    ____ Intermittent    ____ Call

Appointing Authorities requiring certification and approval of appointees prior to a specific Recruit Training Academy date are reminded that they must allow adequate time for completion and audit of the appointments. If slots have been reserved in a Recruit Training Academy for projected appointees from this requisition, please indicate the proposed academy date: _____ (Informational Purposes Only)

*2002 JUL 23 P 12:14*
*HUMAN RESOURCES DIVISION*

**DO NOT USE THIS FORM FOR TRANSFER OR REINSTATEMENT**    JUL 30 2002
(Please complete all Applicable Information on Reverse Side)
Copy to Plaintiff's Counsel

Form 13A rev. 6/95

2

<u>Selective Certification Data:</u>

If response is "yes" in any category below, please file appropriate selective certification questionnaire with requisition.

      Gender Based Selective Certification is requested: _____
      EMT Selective Certification is requested: _____
      Bilingual Selective Certification is requested: _____  Language: _____

<u>Alternative Certification Data:</u>

Alternative certification under PAR.10 is requested: _____

Check protected group certification that is requested: _____ Female _____ Minority

      Please note that PAR.10 Minority certification may not be utilized for entry level appointments in departments subject to the <u>NAACP</u> or <u>Castro</u> consent decrees. PAR.10 may be requested for promotional titles in all communities.

<u>Examination Request</u>

I request that the Department of Personnel Administration schedule and hold <u>Public Safety</u> examinations for the title on the front of this requisition as indicated below:

\_\_\_\_\_ Departmental Promotional Examination

\_\_\_\_\_ Open Competitive Examination

\_\_\_\_\_ Both a Departmental Promotional Examination and an Open Competitive Examination

All information contained on this requisition is certified as accurate and complete by the authority of the undersigned as Appointing Authority.

_[signature]_

Signature of Officer Authorized by Law to Make Appointments

   Paul F. Evans,      Police Commissioner
Typed Name and Title

   Edward P. Callahan    Director of Human Resources
Interviewer: Name and Title

   Boston Police Headquarters 1 Schroeder Plaza, Boston 02120
Full address of location where the interviews are to be held

PLEASE DIRECT QUESTIONS TO THE PUBLIC SAFETY TEAM AT
(617) 727-3777 EXT 389.

Return Completed Form to:
Department of Personnel Administration
Public Safety Certification Unit
One Ashburton Place, Room 317
Boston, MA 02108-1515

3

# HUMAN RESOURCES DIVISION

## REQUEST FOR GENDER-BASED SELECTIVE CERTIFICATION

The following information is submitted to HRD and MCAD in documentation of this request for a gender-based selective certification.

MUNICIPALITY  BOSTON          DEPARTMENT  POLICE

POSITION TITLE  POLICE OFFICER    NO.\VACANCIES  15

1. Total number of employees in this position: __2,172__

   Total number of MALE employees in this position: __1,891__

   Total number of FEMALE employees in this position:  281

2. Identify other positions in the department that have similar duties to the position in question.    While the Boston Police Department employs individuals in a wide variety of positions, no other position can perform law enforcement duties.

   Total number of employees in this/these position(s): __0__

   Total number of MALE employees inn this/these position(s): __0__

   Total number of FEMALE employees in this/these position(s): __0__

3. NUMBER OF DEPARTMENTAL EMPLOYEES BY CATEGORY

   a. Total no. of Administrative (not including clerical) employees: __20__

   Total no. of MALE employees: __15__

   Total no. FEMALE employees: __5__

   b. Total no. of PROFESSIONAL employees: __94__

   Total no. of MALE Employees: __39__

   Total no. of FEMALE employees: __55__

-continued-

Copy to Plaintiff's Counsel

   c. Total no. of TECHNICAL employees: __289__

   Total no. of MALE employees: __119__

   Total no. of FEMALE employees: __170__

   d. Total no. of CLERICAL employees: __396__

   Total no. of MALE employees: __129__

   Total no. FEMALE employees: __267__

4. Describe the nature and frequency of gender-based job-related contacts between persons employed in this position and women or men in the community or in the population group with whom the department deals.

   Daily on each in each unit

5. State in detail why this gender-based selective certification is requested. (use additional sheets if necessary)

6. Name of Contact Person: __Edward P. Callahan__

   Title: __Director, Human Resources__   Telephone: __617-343-4677__

   __Paul F. Evans__   __7.8.02__
   **Appointing Authority Signature and Title**   **Date**
   Paul F. Evans
   Police Commissioner

   RETURN COMPLETED QUESTIONNAIRE ACCOMPANIED BY A REQUISITION TO: Human Resources Division, Test Administration, One Ashburton Place, Boston, MA 02108-1515

   Copy to Plaintiff's Counsel

   JUL 30 2002

   5

5) **State in detail why this gender-based selective certification is requested.**

Currently, female Boston Police Officers represent 12.7% of the make-up of the Boston Police Department. It is the opinion of the Boston Police Commissioner that the Department could utilize the services of an additional number of female police officers. In addition to performing all of the other duties and responsibilities associated with the role of a Boston Police Officer, the services of additional female police officers are required to assist with the care and custody (including the transport and searching) of female prisoners, which the Department will begin handling at a police district station on September 26, 2001.

Additionally, the Department believes that additional female officers would be helpful in order to fulfill our obligations under the provisions of M.G.L. c. 41 § 97B, which mandates the Boston Police Department to "make efforts to employ women police officers to serve in rape reporting and units." The same statute requires that a "victim of rape who is a female shall, whenever possible, be interviewed initially by a female police officer."

HRD ADMINISTRATION

2002 JUL 23 P 12:14

HUMAN RESOURCES DIVISION

JUL 30 2002

Copy to Plaintiff's Counsel

6

Grace-Singleton, Denise (HRD)

**From:** Callahan, Edward [CallahanE.bpd@ci.boston.ma.us]
**Sent:** Friday, August 09, 2002 4:53 PM
**To:** 'Denise Grace-Singleton'
**Subject:** Gender Arrests in Boston

Hello Denise:

Per your request, I have reviewed the arrests by gender by the Boston Police Department. The situation is follows:

Calendar Year 2000:

Total Arrests..........22,216
Males Arrested......17,861 (80.3%)
Females Arrested...4,355 (19.7%)

Calendar Year 2001:

Total Arrests........20,470
Males Arrested.....16,538 (80.8%)
Females Arrested.. 3,392 (19.2%)

I hope that this helps. If you need any additional data, give me a call.

Thanks,

Ed Callahan

---

*Handwritten notes:*

8/21/2002
Sally,
lets talk
R

8/29/2002
Regina:
With the 15. additional women, the % of females in PO positions would increase to 13.5, still way lower than the % of females arrested. This request is OK. pam.

Copy to Plaintiff's Counsel [signature]    SEP -3 2002

1                                                                                    7

**From:** Callahan, Edward (Edward.Callahan.bpd@ci.boston.ma.us)
**Sent:** Friday, August 09, 2002 4:53 PM
**To:** 'Denise Grace-Singleton'
**Subject:** Gender Arrests in Boston

Hello Denise:

Per your request, I have reviewed the arrests by gender by the Boston Police Department. The situation is follows:

Calendar Year 2000:

Total Arrests..........22,216
Males Arrested......17,861 (80.3%)
Females Arrested...4,355 (19.7%)

Calendar Year 2001:

Total Arrests........20,470
Males Arrested.....16,538 (80.8%)
Females Arrested.. 3,392 (19.2%)

I hope that this helps. If you need any additional data, give me a call.

Thanks,

Ed Callahan

1

8

# FAX COVER SHEET



BUREAU OF ADMINISTRATIVE SERVICES
HUMAN RESOURCES DIVISION
BOSTON POLICE DEPARTMENT
1 SCHROEDER PLAZA
BOSTON, MA 02120-2014
TELEPHONE: (617) 343-4677
FAX: (617) 343-4587

*[Stamp: HUMAN RESOURCES DIVISION 2002 AUG -2 P 11:32]*

PLEASE FORWARD THE FOLLOWING NUMBER OF FAXED PAGES __11__
(INCLUDING COVER SHEET) TO THE FOLLOWING INDIVIDUAL:

TO:   NAME: Denise Y. Grace-Singleton

AGENCY/DEPARTMENT/COMPANY: Human Resource Division
@ 617-727-0398

FROM: NAME: Ed Callahan
— H.R. Director —
617-343-5775

If you do not receive all pages of this transmission or if this
transmission is unreadable, please contact us immediately.



**Boston Police**
DEPARTMENT

# MEMORANDUM

TO: Police Commissioner Paul F. Evans

THRU: Mary Jo Harris, Legal Advisor

FROM: Elizabeth Day, Staff Attorney
Office of the Legal Advisor

DATE: February 3, 2000

RE: James Choukas v. Boston Police Department;
Massachusetts Appeals Court, Docket No. 98-P-476.

Sir:

I am writing to inform you of a recent decision issued by the Appeals Court which affirmed a decision of the Superior Court (van Gestel, J.) reversing the Civil Service Commission's decision to grant James Choukas' appeal of the Department's use of gender based certification lists (copy enclosed). Choukas was never reached on the general certification list, but maintained that he would have been selected if the women chosen from the selective certification were not appointed.

The background of this case is briefly as follows. Pursuant to the authority granted under G.L. c. 31, § 21, in 1993, the Department requested a selective certification list of female candidates in order to appoint more women as police officers. On or about May of 1995, Choukas filed an appeal with the Civil Service Commission, pursuant to G.L. c. 31, § 2(b), alleging that Cecelia Fagan and other women with lower civil service rankings were selected ahead of him for a position as a police officer by the Department. On November 14, 1996, the Commission issued a decision finding that the use of selective certification in this case was improper because the Department had not shown that female applicants had been discriminated against, and the Department's main reason for the selective certification, "care and custody of female persons," was not an issue as shown by the Department's rules. Its justification for this conclusion was that Department rules and regulations provide that all female persons arrested or detained by members of the Boston Police Department are transported to the Suffolk County Jail; therefore a selective certification for female officers was not necessary for the care and custody of female persons. The Commission also found that the selective certification was the Department's attempt to bypass legislation which eliminated age-discrimination in the selection process. The Commission ordered that Choukas' name be placed at the top of the next certification list.

2

The Superior Court reversed this decision, finding that the Commission had misinterpreted the Department's requirements under G.L. c. 31, § 21, ignored the evidence about the need for female police officers, and erroneously granted Choukas the right to have a hearing before the Commission when his claim was one that would more properly have been before the MCAD. The Appeals Court agreed with the Superior Court's decision, but modified that decision to include a finding that the Commission was without jurisdiction to hear the initial appeal.

Please let me know if you have any questions regarding this matter.

11