UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12538-PBS

PAUL DELEO, JR., THOMAS BARRETT,
MICHAEL CONEELY, MATTHEW HOGARDT,
BRENDAN DEVER, PATRICK ROGERS,
CHRISTOPHER CARR, and BRIAN DUNFORD,
    Plaintiffs,

v.

CITY OF BOSTON, Massachusetts, MITT
ROMNEY, in his capacity as Governor of the
Commonwealth of Massachusetts; and the
COMMONWEALTH OF MASSACHUSETTS,

    Defendants,

BOSTON BRANCH OF THE NATIONAL
ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE and
MASSACHUSETTS ASSOCIATION OF
MINORITY LAW ENFORCEMENT
OFFICERS,
    Intervenors.

**DEFENDANT CITY OF BOSTON'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND/OR PRELIMINARY INJUNCTION**

The City of Boston ("City") states the following in further support of its opposition to Plaintiffs' Motion For Summary Judgment and/or for Preliminary Injunction, and as clarification of certain issues raised at the hearing on September 17, 2004.

1.    As a result of the First Circuit mandate in Quinn v. City of Boston, 325 F.3d 18, 24 n.1 (1st Cir. 2003), the District Court ordered the City to hire four Quinn plaintiffs at the next immediate opportunity to fill vacancies in the firefighter ranks of the Boston Fire Department,

1

contingent upon those plaintiffs meeting the requirements applicable to all candidate firefighters. Quinn v. City of Boston, 279 F.Supp.2d 51 (D.Mass. 2003); see also "Exhibit A" attached (Judge Stearns' Order On Plaintiffs; Renewed Motion For A Preliminary Injunction, August 24, 2003). That Order also provided for potential back pay awards for any economic loss suffered between the time plaintiffs would have been hired in November, 2000 and such time as plaintiffs entered service as Boston firefighters. Six other white candidates who had scored consistently with the Quinn plaintiffs on the 1998 examination also sued the City following the First Circuit decision. Ahern v. City of Boston, C.A.No. 03-11579-RGS. Ultimately the City created a special firefighter entry class for the four Quinn plaintiffs and five of the six Ahern plaintiffs who were able to meet the instatement criteria of the Order.

2. Creating firefighter academy training for this small group of people outside the normal hiring cycle was unreasonably expensive for the City, but was necessary to cap back pay damage awards pursuant to the District Court order, since due to budgetary restrictions at the time it was uncertain when the next full fire academy class would start.

3. The Plaintiffs in this case seek a preliminary injunction, consisting of putting on the next Boston Police academy class by means other than the Consent Decree. The City repeats its position that this relief is both impracticable and unwarranted. Even if the Plaintiffs were likely to prevail on the merits, delay in a decision on the merits causes no irreparable harm. If the court ultimately decides that any of the Plaintiffs are entitled to relief, one possibility is that they could be made whole at a later date, by the City putting on a police academy class for them, as was done in Quinn. As in Quinn, a special class would help the City cap damage awards. The City realizes the possibility that a decision on the merits in this case and a determination that one or more of the Plaintiffs are entitled to relief may occur temporally close to the beginning of the

next police academy class. In that event, given the City's financial concerns and considerations, the City would argue that the Plaintiffs being a part of the next academy class would not cause them harm.[1]

4. Although the party's filings and arguments make this point clear, the City believes it worth repeating that one or more of the Plaintiffs' entitlement to either be a part of a special academy class or to be part of the next police academy class is contingent on a finding by the Court that one or more of the Plaintiffs are entitled to past relief, as opposed to future consideration, and the Plaintiffs meeting the requirements applicable to all police candidates. An open factual question remains whether, even in absence of the Consent Decree, any of the Plaintiffs would have been reached for consideration *and* made a conditional offer of employment.

5. The City believes that the affidavits of the Plaintiffs' expert and the Intervenors' expert reveal a dispute of material fact as to the percentage of minorities in the Boston community, as well as how people of mixed race should be counted. Summary judgment is therefore inappropriate before the parties have an opportunity to conduct depositions of the experts and further develop the factual record.

6. Finally, for clarification, the transcript made of the hearing on September 17, 2004, incorrectly identifies arguments made by City of Boston Assistant Corporation Counsel Stephen G. Cox as being made by the Commonwealth's Assistant Attorney General Robert L. Quinan, Jr., and vice-versa.

---

[1] The City makes this point since, unlike past periods where the time in between police academy classes was up to a year and a half apart, due to budgetary issues, at this time the City anticipates the next academy class following October, 2004 to be in early Spring, 2005. Whether the balance of capping damages outweighs the cost of a special class obviously depends upon the timing of a ruling on the merits and a determination that relief is appropriate.

                                          Respectfully submitted,
                                          DEFENDANT CITY OF BOSTON
                                          Merita A. Hopkins
                                          Corporation Counsel, City of Boston
                                          By its attorneys,

| S/Betsy J. Facher | S/Stephen G. Cox |
|---|---|
| Betsy J. Facher, BBO #637613 | Stephen G. Cox, BBO# 566943 |
| Staff Attorney | Assistant Corporation Counsel |
| Office of the Legal Advisor | City of Boston Law Department |
| Boston Police Department | Room 615, Boston City Hall |
| One Schroeder Plaza | Boston, Massachusetts 02201 |
| Boston, MA  02120 | (617) 635-4064 |
| (617) 343-4550 | |

Dated:   September 24, 2004