UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  03-12538-PBS

PAUL DELEO, JR., THOMAS BARRETT,
MICHAEL CONEELY, MATTHEW HOGARDT,
BRENDAN DEVER, PATRICK ROGERS,
CHRISTOPHER CARR, and BRIAN DUNFORD,
     Plaintiffs,

v.

CITY OF BOSTON, Massachusetts, RUTH
BRAMSON, in her capacity as Chief Human
Resources Officer of the Commonwealth of
Massachusetts; and the COMMONWEALTH OF
MASSACHUSETTS,
     Defendants,

    BOSTON BRANCH OF THE NATIONAL
ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE and
MASSACHUSETTS ASSOCIATION OF
MINORITY LAW ENFORCEMENT
OFFICERS,
     Intervenors.

**DEFENDANT CITY OF BOSTON'S
MOTION FOR EXTENSION OF TIME TO PROPOSE EQUITABLE RELIEF**

Now comes Defendant City of Boston ("City") and respectfully requests that this Court

grant an extension until January 28, 2005 for the City to propose equitable relief to the Plaintiffs.

If the relief proposed by the City is not satisfactory to the Plaintiffs, the City proposes a

discovery phase from January 31, 2005 to March 31, 2005.  Further, the City requests that the

Court schedule a hearing as soon as possible to address the matter of obtaining civil service

examination scores from the Defendant Commonwealth of Massachusetts, which the City

maintains is necessary to propose appropriate relief.

In support of this request, the City states as follows:

1.      On November 23, 2004, this Court issued a Memorandum and Order, holding that the City met its target under the consent decree by the time of the October 2003 police class hiring, and allowing plaintiffs' motion for summary judgment with respect to the consent decree.

2.      The Court further ordered that by December 8, 2004, all counsel shall propose to the Court a form of equitable relief with respect to the named Plaintiffs based on the Court's rulings.

3.      The Defendant City of Boston requires a sufficient period of time to determine the potential extent of liability as to all individuals not reached for consideration due to use of the Consent Decree.  Such a determination will permit the City to formulate proposed relief as to the Plaintiffs.

4.      The City cannot determine the precise extent of its liability without access to civil service examination scores.  The Defendant Commonwealth of Massachusetts maintains that, pursuant to G.L. c. 66A, sections 1 and 2(c), such scores are confidential personal data not subject to disclosure.  See Opinion of the Supervisor of Public Records No. 99-502 (October 25, 1999).  The City maintains that equitable relief cannot begin to be formulated without analyzing the scores and thus moves that the Court schedule a hearing as soon as possible to address this issue and the manner in which it may be resolved.

5.      Further, based upon the City's experience following the First Circuit's decision in Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003), once in possession of civil service examination scores the process of determining which individuals were not reached for consideration due to use of the Consent Decree is an extremely time consuming and labor-intensive process.

6.    Based upon the City's experience following the decision in <u>Quinn</u>, it anticipates that a period through January 28, 2005 will be required to conduct its analysis.

7.    Once the City's analysis is complete, it will propose a form of relief to the Plaintiffs.

8.    In the event the parties are unable to agree on equitable relief by January 28, 2005, the City proposes that a discovery phase begin.  In this phase, the parties will be permitted discovery limited to depositions and document requests, which shall be carried out expeditiously, on the issues of:

(a)    Whether the Plaintiffs would have been reached for consideration and hire; and

(b)    What damages the Plaintiffs may be entitled to.

9.    There would be no harm to the Plaintiffs in granting this Motion since, irrespective of any relief they may be entitled to, the City does not intend on hiring any additional police officers until the extent of liability is determined, in addition to relief in this case being resolved.  The City has therefore rescinded its request to the Commonwealth's Human Resources Division for a certification list for the next police academy class.  Preparations for the next academy class will resume when these issues are resolved.

10.    In any event, the City agrees that it will not hire any additional police officers without providing thirty (30) days' notice to the Court and the Plaintiffs.

11.    Finally, the City proposes that the Court schedule a status conference on April 1, 2005, or such date as is convenient to the Court.

12.    The Defendant Commonwealth of Massachusetts assents to this Motion.

*WHEREFORE,* the City requests that this Court ALLOW its Motion and grant an extension until January 28, 2005 for the City to propose equitable relief to the Plaintiffs, and if

the relief proposed by the City is not satisfactory to the Plaintiffs, the City proposes a discovery

phase from January 31, 2005 to March 31, 2005.  Finally, the City requests that the Court

schedule a hearing as soon as possible to address the matter of obtaining civil service

examination scores from the Defendant Commonwealth of Massachusetts.

                                        Respectfully submitted,

                                        DEFENDANT CITY OF BOSTON
                                        Merita A. Hopkins
                                        Corporation Counsel, City of Boston
                                        By its attorney,


                                        S/Stephen G. Cox
                                        _____
                                        Stephen G. Cox,  BBO# 566943
                                        Assistant Corporation Counsel
                                        City of Boston Law Department
                                        Room 615, Boston City Hall
                                        Boston, MA  02201
                                        (617) 635-4064


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

        Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that I have communicated with the

parties concerning the Defendant City's Motion and that we were unable to resolve or narrow the

issues prior to filing the above motion.[1]


                                        _____
                                        Stephen G. Cox

---

[1] The only aspect of this Motion that could not be agreed upon with the Plaintiffs was the extension date.  Given the
City is currently not even in possession of scores, and based upon City counsel's experience in Quinn, it could not
realistically agree that a form of equitable relief could be proposed before January 28, 2005.  The Plaintiffs, although
in agreement that a discovery phase should run to March 31, 2005, believed relief should be proposed by January
15, 2005.