UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD, Plaintiffs, v. CITY OF BOSTON, Massachusetts, MITT ROMNEY, in his Capacity as Governor of the Commonwealth of Massachusetts, and the COMMONWEALTH OF MASSACHUSETTS, Defendants, and BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE AND MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS, Intervenors. | Civil Action No. 03-12538-PBS |

**INTERVENORS' RESPONSE TO PLAINTIFFS' PROPOSAL REGARDING EQUITABLE RELIEF FOR THE NAMED PLAINTIFFS**

The Intervenors, Boston Branch of the National Association of the Advancement of Colored People and Massachusetts Association of Minority Law Enforcement Officers, submit this brief to respond to the suggestion made in the Plaintiffs' Proposal Regarding Equitable Relief ("Plaintiffs' Proposal"), filed on December 8, 2004, that "the Intervenors should not be entitled to participate in [the further] discovery process or the hearing on equitable remedy for the Plaintiffs."

While the Intervenors do not presently foresee actively participating in all the discovery events or hearings that occur on equitable relief, it is impossible to predict what issues might

- 2 -

arise that could affect the interests of the Intervenors.  For any such issues, the Intervenors certainly should not be deprived of their due process rights as litigants.

In fact, one such issue affecting the interests of Intervenors already appears to exist – namely, whether parity was reached as of March 2002, which the Plaintiffs' Proposal urges the Court to decide as part of the process of determining an equitable remedy.  This issue directly affects the interests of the Intervenors, and the Intervenors should have the same rights as any other party to this litigation to be heard on the matter.  There may well be other issues that arise in the context of the Plaintiffs' request for equitable relief that would similarly affect the interests of the Intervenors.  If an equitable remedy is chosen without giving Intervenors the opportunity for input, that remedy could adversely impact Intervenors' interests and leave Intervenors with no legal recourse.  See United States v. Oregon, 839 F.2d 635 (9th Cir. 1988) ("recognizing practical limitations on the ability of intervention applicants to protect interests in the subject of litigation after court-ordered equitable remedies are in place").

For these reasons, the Court should decline the Plaintiffs' request and continue to permit the participation by the Intervenors in this matter.

> BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS
>
> By their attorneys,
>
> /s/ Mark D. Selwyn
> Harry T. Daniels (BBO # 113800)
> Mark D. Selwyn (BBO #565595)
> Jennifer L. Carpenter (BBO #647214)
> Christopher R. Noyes (BBO #654324)
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, Massachusetts 02109
> (617) 526-6000

- 3 -

Robin L. Alperstein (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York  10022
(212) 230-8800

Nadine Cohen (BBO # 090040)
Lawyers' Committee For Civil Rights
  Under Law of the Boston Bar Association
294 Washington Street, Suite 443
Boston, Massachusetts   02108
(617) 482-1145

Dated:  December 16, 2004