UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12538-PBS

PAUL DELEO, JR., THOMAS BARRETT,
MICHAEL CONNEELY, MATTHEW HOGARDT,
BRENDAN DEVER, PATRICK ROGERS,
CHRISTOPHER CARR, and BRIAN DUNFORD,
DONALD WIGHTMAN,
    Plaintiffs,

v.

CITY OF BOSTON, Massachusetts, RUTH
BRAMSON, in her capacity as Chief Human
Resources Officer of the Commonwealth of
Massachusetts; and the COMMONWEALTH OF
MASSACHUSETTS,
    Defendants,

BOSTON BRANCH OF THE NATIONAL
ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE and
MASSACHUSETTS ASSOCIATION OF
MINORITY LAW ENFORCEMENT
OFFICERS,
    Intervenors.

## INTERIM ORDER REGARDING INSTATEMENT (PROPOSED)

Pursuant to the Joint Motion of the Plaintiffs and lead Defendant, City of Boston ("City"), and this Court's Memorandum and Order of November 23, 2004 in the above-entitled action, it is hereby ordered as follows:

1. Beginning effective with the date of this Order, the nine named Plaintiffs herein (DeLeo, Barrett, Conneely, Hogardt, Dever, Rogers, Carr, Dunford and Wightman)("Plaintiffs"), who are not currently employed as City of Boston police officers, will be considered for hire by the City in the next Boston Police Academy class to take place after the date of this Order.

2. The Commonwealth's Human Resources Division ("HRD") shall place the names of the above nine Plaintiffs at the top of the next regular certification list it issues to the Boston Police Department ("BPD").

3. Instatement eligibility for these Plaintiffs shall be contingent upon each Plaintiff's satisfaction of the requirements applicable to all candidates for police officer positions in BPD, specifically: (a) passing the BPD's medical and psychological examinations; (b) passing a background check and drug test; (c) passing the required physical agility test; (d) compliance with the City's residency requirement; and (e) successful completion of academy training. Age shall not be considered in determining the Plaintiffs' eligibility for patrol officer positions. The City shall begin the instatement process as soon as reasonably possible after issuance of this Order. Once a Plaintiff has met the eligibility requirements for instatement, he shall be hired by the City.

4. For retirement purposes, each Plaintiff who successfully meets the eligibility requirements for instatement shall be deemed to have begun his employment as a City of Boston police officer on the date he would have been hired had he been appointed with the successful candidates in the October 2003 class of new police officers.[1] Each Plaintiff who qualifies for instatement shall be paid at the step level that he would have achieved, in the normal course of employment, had he then been hired, along with a commensurate "bank" of personal time, sick time and vacation days. Any benefits granted pursuant to this Order impacting on the rights of other police officers shall be subject to agreement by the Union representing Boston police officers.

5. This Order is not intended to establish a precedent with respect to any other person who believes s/he was passed over for employment as a police officer by the City as a

---

[1] For purposes of promotional opportunities, however, the Plaintiffs shall be deemed to have begun employment as a City of Boston Police Officer on their *actual* date of hire, as pursuant to this Order.

result of the City's enforcement of the so-called <u>Castro</u> decree, who is not a named plaintiff herein.

DATED: 1/26/05

Hon. Patti B. Saris
United States District Court