UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
PAUL DELEO, JR., THOMAS BARRETT,    )
MICHAEL CONNEELY, MATTHEW           )
HOGARDT, BRENDAN DEVER,             )
PATRICK ROGERS, CHRISTOPHER         )
CARR, BRIAN DUNFORD, and DONALD     )
WIGHTMAN,                           )
                    Plaintiffs,        )
                             )
v.                                  )
                             )
CITY OF BOSTON, Massachusetts;      )
RUTH BRAMSON, her capacity as Chief )
Human Resources Officer of the Commonwealth )    Docket No. 03-12538-PBS
of Massachusetts; and COMMONWEALTH  )
OF MASSACHUSETTS,                   )
                    Defendants,        )
                             )
BOSTON BRANCH OF THE NATIONAL       )
ASSOCIATION FOR THE ADVANCEMENT     )
OF COLORED PEOPLE and               )
MASSACHUSETTS ASSOCIATION OF        )
MINORITY LAW ENFORCEMENT            )
OFFICERS,                           )
                    Intervenors.      )
_____

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND FOR ENTRY OF FINAL JUDGMENT**

Plaintiffs Paul DeLeo, Jr., Thomas Barrett, Michael Conneely, Matthew Hogardt, Brendan Dever, Patrick Rogers, Christopher Carr, Brian Dunford, and Donald Wightman hereby respectfully move that this Court award them reasonable attorneys' fees and costs in the above-captioned matter and enter final judgment in this case.[1] In support thereof, Plaintiffs state as follows:

---

[1] In the interest of not expending unnecessary time briefing issues that may not be in dispute, Plaintiffs' counsel has kept this motion and the accompanying affidavits very brief. Plaintiff will supplement this motion with further briefing and affidavits on any issues that may become the subject of dispute or on any issues for which the Court desires additional briefing.

1.      On December 17, 2003, the Plaintiffs commenced this action alleging that the Defendants' use of race in the hiring process for police officers for the City of Boston violated the Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment. The Plaintiffs asserted their constitutional rights pursuant to 42 U.S.C. § 1983. On March 5, 2004, the Plaintiffs amended their complaint to add counts alleging violations of Title VII of the Civil Rights Act of 1964 and of Mass. Gen. Laws, ch. 151B, § 4.

2.      On November 23, 2004, the Court allowed the Plaintiffs motion for summary judgment, holding that the Defendants had unconstitutionally used race in the hiring of Boston Police Officers in October 2003.

3.      After the Court granted the Plaintiffs' motion, the parties engaged in negotiations to resolve the issue of an equitable remedy for the named Plaintiffs. Those negotiations resulted in an agreement that all the named Plaintiffs would be instated as Boston Police Officers in the next round of hiring, subject to their meeting the eligibility requirements for such positions, and in exchange, the Plaintiffs waived any right to backpay or other monetary damages. On January 26, 2005, the Plaintiffs and the Defendant City filed an assented-to Joint Motion for an Interim Order, and the Court allowed the parties' motion and signed an Interim Order Regarding Instatement on or about that date. The Joint Motion and Interim Order are attached hereto as Exhibits A and B.

4.      In the Status Conference on January 27, 2005, the parties notified the Court that, with the exception of the awarding of fees and costs, there were no further matters in controversy before the Court in this matter. As there are no other matters in controversy before this Court, the matter is ripe for entry of a final order of judgment. See Quinn v. City of Boston, 325 F.3d 18, 26-27 (1st Cir. 2003).

5. On February 3, 2005, the Plaintiffs filed an assented-to motion for an extension of time to file their Motion for Attorneys Fees and Costs until March 3, 2005, to give the parties time to attempt to resolve the matter of fees and costs on their own. The Court granted the Plaintiffs' motion.

6. In accordance with the Court's directive that the parties attempt to resolve these post-trial matters on their own, Plaintiffs' counsel conferred with Counsel for the Defendant City and has shared with Counsel the invoice attached hereto as Exhibit C. The parties conferred in good faith, but despite best efforts, remain far apart on the issue of fees.[2]

7. 42 U.S.C. § 1988(b) provides that the Court, in its discretion, may allow reasonable attorneys' fees to a plaintiff who prevails on a claim under 42 U.S.C. § 1983.

8. Mass. Gen. Laws, ch. 151B, § 9 provides that a plaintiff who prevails on a claim under that Chapter "shall" be awarded "in addition to any other relief and irrespective of the amount in controversy . . . reasonable attorney's fees and costs."

9. Attached hereto as Exhibit C are contemporaneous billing records for Plaintiff's counsel. Plaintiffs seek attorneys' fees at the rate of $320 per hour for Harold Lichten (for approximately 99 hours of work) and at the rate of $250 per hour for Alfred Gordon (for approximately 264 hours of work). Plaintiff currently estimates that these attorneys' fees total approximately $103,000.[3] Attached hereto as Exhibits D and E are

---

[2] The Plaintiffs suggest that the parties may benefit if this issue is referred to a Magistrate Judge for mediation. In this regard, the Plaintiffs note that Magistrate Judge Dein was helpful in resolving such issues in the related case of Quinn v. City of Boston.

[3] This total is not final, as it does not include some hours for work that may be done regarding any post-judgment matters, such as matters relating to the implementation of the Interim Order for Instatement issued by the Court on January 26, 2005. Plaintiff will submit a final tally with these hours included later, at the direction of the Court. Under Fed. R. Civ. P. 54(d)(2)(B), a motion for attorney's fees may "provide a fair estimate of the amount sought."

affidavits from Harold Lichten and Alfred Gordon in support of Plaintiffs' request for attorneys' fees.[4]

10.     Included at the end of Exhibit C are records of the costs expended by Plaintiffs in this litigation. Plaintiffs seek reimbursement for these costs, which currently total approximately $ 5,000.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order of final judgment that includes Plaintiffs' attorney's fees and costs.

>                                   Respectfully submitted,
>
>                                   PAUL DELEO, JR., THOMAS BARRETT,
>                                   MICHAEL CONNEELY, MATTHEW
>                                   HOGARDT, BRENDAN DEVER,
>                                   PATRICK ROGERS, CHRISTOPHER
>                                   CARR, and BRIAN DUNFORD,
>
>                                   By their attorneys,
>
>                                    s/Alfred Gordon
>                                   Harold L. Lichten, BBO #549689
>                                   Alfred Gordon, BBO #630456
>                                   Pyle, Rome, Lichten & Ehrenberg, P.C.
>                                   18 Tremont Street, Suite 500
>                                   Boston, MA 02108
>                                   (617) 367-7200

Date:   March 3, 2005

---

[4] Per the direction of the Court, Plaintiffs have reviewed the decisions in Alfonso v. Aufiero, 66 F. Supp. 2d 183 (1999), and Gruckenberger v. Boston University, 8 F. Supp. 2d 91 (1998), for an indication as to the manner in which the Court might calculate fees. In accordance with those decisions, attached hereto as Exhibit F are the billing records for this matter subdivided into core and non-core work as described in the referenced decisions. Though Plaintiffs have included this breakdown of core and non-core work, such submission should not be taken to manifest Plaintiffs' agreement with this approach to determining fees, and Plaintiffs respectfully request that they be awarded attorneys' fees in the full amounts set forth in Exhibit C.

4

## CERTIFICATE OF SERVICE

I hereby certify that, in addition to being electronically filed, a true copy of the above document was served on the attorneys of record for each party by U.S. Mail on March 3, 2005.

                                                                                   _s/Alfred Gordon_____
                                                                                   Alfred Gordon