UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | | |
|---|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, BRIAN DUNFORD, and DONALD WIGHTMAN,<br><br>            Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, Massachusetts; RUTH BRAMSON, her capacity as Chief Human Resources Officer of the Commonwealth of Massachusetts; and COMMONWEALTH OF MASSACHUSETTS,<br>            Defendants,<br><br>BOSTON BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS,<br>            Intervenors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 03-12538-PBS |

---

**AFFIDAVIT OF HAROLD LICHTEN**

I, Harold L. Lichten, being duly sworn, depose and state as follows:

1.    I am an attorney admitted to practice law in the State of Maine and the

Commonwealth of Massachusetts, as well as the United States Supreme Court, the United States

Court of Appeals for the First Circuit, the United States Claims Court, and the Federal District

Courts in Maine and Massachusetts.  I graduated from New York University School of Law in

1977.

1

2.  I am currently a partner in the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C. Our firm's practice is limited exclusively to labor and employment law, with a particular emphasis on employment discrimination.

3.  I have been practicing law since 1978, and during my 27 years of practice, I have devoted a significant amount of time to employment discrimination law. I began this work while employed as a legal services lawyer for Pine Tree Legal Assistance in the State of Maine.

4.  During the years that I practiced in the State of Maine (1978 to 1986), I was responsible for litigating landmark discrimination cases in that state, both in the state and federal system. Some of those cases were Jackson v. State of Maine, 544 A.2d 291 (Supreme Judicial Court of Maine 1988); Cousins v. Secretary of U.S. Dept. of Transportation, 880 F.2d 603 (1st Cir. 1989); Maine Human Rights Commission v. City of South Portland, 508 A.2d 948 (Supreme Judicial Court of Maine 1986); and Rozanski v. A-P-A Transport, Inc., 512 A.2d 335 (Supreme Judicial Court of Maine 1986).

5.  Since commencing the practice of law in the Commonwealth of Massachusetts in 1986, I have continued to specialize in discrimination cases. See for example Cox v. New England Telephone, 414 Mass. 375 (1993); Dahill v. Boston Police Department, 434 Mass. 233 (2001); Kraft v. Police Commissioner of Boston, 410 Mass. 155 (1991); Pressman v. Brigham Medical Group Foundation, Inc., 919 F.Supp. 516 (1996); Ward v. Skinner, 943 F.2d 157 (1st Cir. 1991); and Sprague v. United Airlines, 2002 WL 1803733 (D. Mass. 2002); Wennik v. Polygram Group Distribution, Inc., 304 F.2d 123 (1st Cir. 2002); Quinn v. City of Boston, 325 F. 3d 18 (1st Cir. 2003), decision on remand, 279 F.Supp.2d 51 (D. Mass. 2003).

6.  In addition to litigating employment discrimination cases, I have frequently lectured and written articles on the subject. Over the past fifteen years, I have given numerous

2

lectures to the Massachusetts Bar Association, Boston Bar Association, and the Massachusetts

Continuing Legal Education program on discrimination law.

7.    As most pertinent to this case, I have tried several high-profile employment

discrimination cases relating to the Commonwealth's civil service system and the various

Beecher decrees and have won significant verdicts in this area. Most recently, I represented the

plaintiffs in the watershed case of Quinn v. City of Boston, 325 F. 3d 18 (1st Cir. 2003), decision

on remand, 279 F.Supp.2d 51 (D. Mass. 2003), declaring the City of Boston's reliance on the

Beecher decree in hiring firefighters to be unconstitutional. I am also currently involved in

litigation before this Court in two other cases relating to the civil service hiring system in the fire

departments in the cities of Newton and Lynn. Travers, et al. v. City of Newton, et al., Civ. Act.

No. 04-12635-RWZ; Bradley, et al. v. City of Lynn, et al., Civ. Act. No. 05-10213-PBS.

8.    With regard to the instant matter, initial work was done on the case by myself.

Later, Attorney Alfred Gordon co-counseled with me in the case and did much of the day-to-day

work in preparation for advancing the Plaintiffs' motion for summary judgment. As can be seen

from my time records, I maintained throughout a high level of involvement in the case, making

the strategic decisions in the case, taking the most significant deposition, and arguing orally

before the Court on the dispositive motion.

9.    Exhibits A and D contain a true and accurate representation of my billing records

for this case. Having reviewed my timesheets, I believe that my time was extremely efficient.

As can be seen by those timesheets, I engaged in only minimal legal research, since I was

already familiar with most of the issues in the case, and my preparation time for oral argument

was below that which would normally have to have been spent by a lesser-experienced attorney.

10.    Several years ago, in the case of Dahill v. Boston Police Department, Judge

Woodlock approved my requested hourly rate of $300.00 per hour. More recently, in 2002, in

3

the case of <u>Sprague v. United Airlines, Inc.</u>, Civ. Act. No. 97-12102-GAO, this Court approved

my requested hourly rate of $320.00, which is exactly what I have requested in connection with

this matter.[1]

Signed under the pains and penalties of perjury this __3rd__ day of March, 2005.

<u>  s/Harold L. Lichten             </u>
Harold L. Lichten

---

[1] Should the amount of this hourly rate come into dispute, I am prepared to offer further evidence and supporting affidavits proving that this rate is commensurate with a Boston attorney with my level of experience in employment litigation.