UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
PAUL DELEO, JR., THOMAS BARRETT,        )
MICHAEL CONNEELY, MATTHEW               )
HOGARDT, BRENDAN DEVER,                 )
PATRICK ROGERS, CHRISTOPHER             )
CARR, BRIAN DUNFORD, and DONALD         )
WIGHTMAN,                               )
                Plaintiffs,      )
                                        )
v.                                      )
                                        )
CITY OF BOSTON, Massachusetts;          )
RUTH BRAMSON, her capacity as Chief     )
Human Resources Officer of the Commonwealth ) Docket No. 03-12538-PBS
of Massachusetts; and COMMONWEALTH      )
OF MASSACHUSETTS,                       )
                Defendants,      )
                                        )
BOSTON BRANCH OF THE NATIONAL           )
ASSOCIATION FOR THE ADVANCEMENT         )
OF COLORED PEOPLE and                   )
MASSACHUSETTS ASSOCIATION OF            )
MINORITY LAW ENFORCEMENT                )
OFFICERS,                               )
                Intervenors.    )
_____  )

**AFFIDAVIT OF ALFRED GORDON**

I, Alfred Gordon, being first duly sworn, depose and state as follows:

1.  I am an attorney admitted to practice law in the Commonwealth of Massachusetts since 1995. I am also admitted to practice before this Court. I am a graduate of Cornell University (1992) and Boston University School of Law (1995).

2.  I am an associate in the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss Riordan, P.C. Since graduation from law school I have worked exclusively in the

1

area of employment and labor law as a commentator, as a neutral, and as an advocate for employees and labor organizations.

3. Immediately following law school, I began working as a writer and editor commentating exclusively in the area of employment and labor law, including employment discrimination and particularly public sector employment discrimination. I wrote and edited short books, articles, and newsletters that were published in print and on-line sources.

4. Prior to associating with Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, from October 1999 through May 2004, I served as Counsel for the General Counsel of the Federal Labor Relations Authority. In that capacity, I represented the General Counsel and the Authority in a wide variety of labor matters, from prosecuting unfair labor practice charges to acting as a hearing officer and drafting Decisions and Orders in representation cases. While employed with the Authority, I also created and presented many training programs on labor and employment matters.

5. In my first full year with the Federal Labor Relations Authority, the General Counsel of the Authority named me his national Employee of the Year based on my work on a number of high-profile litigation and representation matters. I ended my tenure with the Authority with a perfect litigation record, having won all but one of my cases outright before the Authority and having my one loss reversed on appeal to the U.S. Court of Appeals for the District of Columbia Circuit based on the arguments I made at trial. See National Federation of Federal Employees, FD-1, IAMAW, Local 1442, v. Federal Labor Relations Authority, 369 F.3d 548 (D.C. Cir. 2004).

6.  In addition to my transactional practice of law, for the past five years I have been a faculty member at Boston University School of Law teaching research and writing in the School of Law's First Year Writing Program. The program includes an intensive segment on litigation including written and oral advocacy. Based on my high level of performance, I have continually been reappointed to this teaching position for the past five academic years.

7.  I was co-counsel in this case with Harold Lichten. After I became involved in the case in June 2004, my responsibilities included primary contact with the Plaintiffs' expert witness, primary contact with all opposing counsel regarding discovery and all other matters, writing and researching legal motions and memoranda regarding discovery, conducting depositions, researching and drafting the lengthy submissions supporting the Plaintiffs' motion for summary judgment, and oral argument before the Court on matters relating to statistics and parity. Because the issue of statistics and parity was of pivotal importance in this case, I dedicated a great amount of time to the study and analysis of the statistics relating to this case, which ultimately led to judgment in the Plaintiffs' favor. Moreover, as the point of contact regarding discovery, I played a major role in responding to and defending the voluminous discovery requests from the Intervenors. In this regard, I drafted the successful motion for protective order relating to the Intervenors' request to unnecessarily depose all of the Plaintiffs, which would have led to much increased costs related to this litigation.

8.  Exhibits A and D contain a true and accurate representation of my billing records for this case.

9. I believe that the $250 hourly rate requested for me in this case is commensurate with that paid to other attorneys of my experience and knowledge for litigation in employment and labor matters. Because of my knowledge of employment and labor law, particularly as it relates to public employees, and because of my expertise in legal research and writing, I was able to perform the necessary research and writing in an efficient matter.[1]

Subscribed and sworn under the pains and penalties of perjury this ___3rd___ day of March, 2005.

                                                  __s/Alfred Gordon_____
                                                  Alfred Gordon

---

[1] Should the amount of this hourly rate come into dispute, I am prepared to offer further evidence and supporting affidavits proving that this rate is commensurate with that of a 1995 law school graduate working in Boston with my level of experience in litigation regarding public sector employment and labor matters.