UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL DELEO, JR., THOMAS BARRETT, MICHAEL CONNEELY, MATTHEW HOGARDT, BRENDAN DEVER, PATRICK ROGERS, CHRISTOPHER CARR, and BRIAN DUNFORD, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Docket No. 03-12538-PBS |
| CITY OF BOSTON, Massachusetts; THOMAS MENINO, in his capacity as Mayor of the City of Boston; KATHLEEN O'TOOLE, in her capacity as Commissioner of the City of Boston; MITT ROMNEY, in his capacity as Governor of the Commonwealth of Massachusetts; and the COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

**FIRST AMENDED COMPLAINT, PRELIMINARY INJUNCTIVE AND COMPENSATORY RELIEF REQUESTED, AND JURY DEMAND**

I.    INTRODUCTION.

1.    This is an action for injunctive and compensatory relief challenging the Defendants' unconstitutional system for determining which individuals are hired for entry-level police officer positions in the Boston Police Department. In or about March of 2002, and again in October of 2003, the Plaintiffs, despite having a score of one

hundred (100) or better on the entry-level police officer examination for the City of Boston, and despite their law enforcement or related experience were not selected for the position of police officer in the City of Boston. Plaintiffs were not selected because of their race (Caucasian) and because the Defendants continue to maintain or permit a quota-based system based on race to determine entry-level hiring when such system is no longer constitutionally permissible. Further, the Defendants have unlawfully failed to institute a nondiscriminatory selection procedure, as required by law, for such entry-level hiring, and they have hired officers from all female lists without a legal basis for doing so.

II.    JURISDICTION.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 in that this claim arises under the Federal Equal Protection clause of the Fourteenth Amendment.

III.    PARTIES.

3.    The Plaintiffs were at all times relevant hereto adult residents of Boston, Massachusetts. Their lifelong goal is to be a Boston Police Officer. Each of the Plaintiffs has experience in criminal justice and each is well qualified to be a police officer.

4.      The Defendant City of Boston is a duly incorporated municipality of the Commonwealth of Massachusetts, and it maintains a police department.

5.      The Defendant Thomas Menino is the Mayor of the City of Boston and in that capacity is responsible for the overall operation and administration of the City of Boston.

6.      The Defendant Kathleen O'Toole is the Commissioner of the Boston Police Department and in that capacity currently acts as the appointing authority for the City of Boston as that term is defined in M.G.L. Chapter 31.

7.      The Defendant Mitt Romney is the Governor of the Commonwealth of Massachusetts and in that capacity is responsible for the overall administration of the Commonwealth's Human Resources Division, which division administers entry-level hiring civil service lists for the City of Boston.

8.      The Defendant Commonwealth of Massachusetts is a state of the United States of America and by statute is responsible for providing civil service lists to municipalities who are part of the civil service system for the purpose of entry-level hiring, see M.G.L. Chapter 31.


IV.     STATEMENT OF FACTS RELATING TO THE NON-SELECTION OF PLAINTIFF.

9.      In or about 2000, the Plaintiffs took the Massachusetts Civil Service examination for the position of police officer in the Boston Police Department.

10.    The Plaintiffs each received a perfect score of one hundred on such examination.  In addition, pursuant to the training and experience provisions of M.G.L. ch.31, Plaintiff DeLeo received an additional point for having served for several years as a Boston Municipal Police Officer.  As a result, Plaintiff was listed on the Civil Service List as having a score of one hundred and one (101).  As a result, the Plaintiffs were ranked on the Civil Service List just below disabled veterans, veterans, and candidates whose parent was killed or injured in the line of duty as a police officer or fire fighter.

11.    In or about March of 2002, the City of Boston hired approximately 48 new police officers from the Civil Service List described above.  Plaintiffs' names were not reached.  In October of 2003, the Boston Police Department hired another 56 new police officers utilizing the Civil Service List described above.  Again, Plaintiffs' names were not reached.

12.    On information and belief, during both rounds of hiring (March of 2002 and October of 2003), the Defendants utilized a hiring system for a majority of the individuals hired, in which it created at least two separate Civil Service Lists, one for minorities (Blacks and Hispanics) and one for Caucasians.  In addition, Plaintiffs believe that on at least one occasion during this period of time a separate list of female candidates was also utilized.

13.    A majority of the individuals hired were chosen by a quota-based system wherein one minority candidate was hired for every one Caucasian candidate hired regardless of the minority candidate's score on the Civil Service examination and regardless of his or her qualifications.  In addition, on information and belief, some hirings were made solely because the candidates were women.

14.    Plaintiffs ranked higher on the Civil Service List than many of the minority and female officers selected.  In addition, had the Defendants utilized a race and sex neutral system based upon Civil Service examination score and qualifications, without consideration of race, Plaintiffs would have been hired and/or considered to be Boston Police Officers.

15.    The Civil Service List for Boston Police Officers described above is about to expire.  The Plaintiffs have taken the new Civil Service examination given in the fall of 2003, and have received scores in the nineties.

V.    FACTS RELATING TO DEFENDANTS' UNLAWFUL RELIANCE ON THE CASTRO V. BEECHER DECREE.

16.    In or about 1975, after the City of Boston was found to have unintentionally discriminated against minority police officers with respect to the entrance exam for police officers and fire fighters, see Castro v. Beecher, 365 F.Supp. 655 (1973), the parties in that litigation entered into a proposed consent decree approved by this Court.  See NAACP v. Beecher, 504 F.2d 1017 (1st Cir., 1975).  The parties to that litigation agreed that for the City of Boston, police applicants would be hired by selecting one minority police officer for each white police officer.  See discussion in Castro v. Beecher, et al., 522 F.Supp. 873 (1981).

17.    Pursuant to the court's decision, the City of Boston was also obligated to devise a job-related nondiscriminatory selection process for the entry-level position of police officer, so that in the future the Department would not use a discriminatory selection device for such hiring. Id.

18.    The City of Boston and the other Defendants were obligated under the consent decree to continue such hiring based on a one minority to one white ratio until such time as the number of minority police officers in the Boston Police Department approximated the number of minorities in the relevant labor pool.

19.    As of the two rounds of hiring conducted by the Defendant City of Boston in March of 2002 and then later in October of 2003, the number of minority entry-level police officers for the City of Boston had achieved rough parity with the number of minorities in the relevant labor pool.

20.    As of the two rounds of hiring described above, the Defendants had no constitutionally justifiable reason for setting a quota requiring a specific number of female police officers to be hired.

21.    In addition, on information and belief, the Defendants have never complied with that part of the court's order in Castro v. Beecher, supra, requiring them to devise a valid nondiscriminatory selection process for the position of police officer in the City of Boston, thereby making unlawful its continued reliance on a quota system 28 years after the Castro court decree.

## COUNT I

### (42 U.S.C. §1983 – Fourteenth Amendment)

22.    The action of the Defendants Menino, Hussey, and City of Boston in making numerous hiring decisions based on a system which makes race a determinative factor in such

hiring, and which reserves a specific number of slots for females notwithstanding their test scores and qualifications, and the actions of the Defendants Commonwealth of Massachusetts and Mitt Romney in allowing, permitting and authorizing such hiring, violates Plaintiffs' rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. This claim is asserted pursuant to 42 U.S.C. §1983.

## COUNT II

### (Title VII)

23.    The actions of the Defendants as set forth herein violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et. seq.

## COUNT III

### (M.G.L. ch.1501B, §4)

24.    The actions of the Defendants as set forth herein violate M.G.L. ch.151B, §4.

## JURY DEMAND

The Plaintiffs request a trial by jury on all of their claims.

WHEREFORE, Plaintiffs pray this Honorable Court to:

1.    Issue a preliminary and permanent injunction forbidding Defendants from utilizing an unlawful and unconstitutional selection process:

2.    Order Defendants to hire Plaintiffs forthwith with retroactive seniority; and

3.    Award Plaintiffs compensatory and equitable relief, attorney's fees and costs.

Respectfully submitted,

PAUL DELEO, JR., THOMAS BARRETT,
MICHAEL CONNEELY, MATTHEW
HOGARDT, BRENDAN DEVER,
PATRICK ROGERS, CHRISTOPHER
CARR, and BRIAN DUNFORD,
By their attorneys,

Dated:  March 5, 2004

Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

8