UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL DELEO, et al., )
        Plaintiffs, )
)
v. )
)
CITY OF BOSTON, Massachusetts, et al., )   Docket No. 03-12538-PBS
        Defendants, )
)
BOSTON BRANCH OF THE NATIONAL )
ASSOCIATION FOR THE ADVANCEMENT )
OF COLORED PEOPLE, et al. )
        Intervenors. )
)

## AFFIDAVIT OF ROBERT S. MANTELL IN SUPPORT OF THE AWARD OF ATTORNEYS FEES FOR THE WORK OF ALFRED GORDON, ESQ., AT THE RATE OF $250 PER HOUR

I, Robert S. Mantell, hereby depose and state:

1.    I am a 1991 graduate of the Duke University School of Law. I was admitted to the Bar of the Commonwealth of Massachusetts in 1992. I also am a member of the bar of the United States District Court of the District of Massachusetts, the United States Court of Appeals, and the United States Supreme Court.

2.    I have been practicing employment law since 1992. From January 1992 through June 2000, I worked with the Law Office of Kevin G. Powers, a firm specializing in the field. From July 1992 through mid-January 1993, I worked from twenty-five to forty hours per week as an Associate with Shilepsky, Messing & Rudavsky, P.C., a law office concentrating in employment law. I also worked with the Law Office of Kevin Powers during this time. From June 2000 to the present, I have been an Associate of Rodgers, Powers & Schwartz LLP, a firm also specializing in employment law.

3.    During my tenure with Rodgers, Powers & Schwartz LLP, Law Office of Kevin Powers, and Shilepsky, Messing and Rudavsky, P.C., I have worked almost exclusively on Massachusetts plaintiff-side employment law cases. I have participated in numerous cases involving discrimination claims that have been litigated before Massachusetts Courts, Federal courts and the Massachusetts Commission Against Discrimination (MCAD).

4.    I am very familiar with the substantial work entailed in representing plaintiffs who are seeking positions by challenging an affirmative action decree, and the complexity of the ensuing litigation in the United States District Court for the District of Massachusetts. I have substantial experience with litigating, researching and analyzing a range of employment law claims, including race discrimination, constitutional and affirmative action cases.

1

5.      I am familiar with legal fee rates within the Boston area for quality employment law litigation. I have been surrounded by other attorneys doing similar legal work all of my professional life.

6.      In MCAD and Malone v. Boston Public Facilities Dept., MCAD Docket No. 96 BEM 2664, Decision and Order of the Full Commission (11/12/04), the MCAD ordered my time to be compensated at $275/hour, for an age discrimination case that was tried in 2002, when I had been a lawyer for ten years. I was awarded attorneys fees at $225 per hour, in a gender discrimination case, which was tried 1999, when I had been a lawyer for seven years. DeBiase v. MBTA, MCAD Docket No. 93-BEM-1244, Decision of Full Commission (10/2/02). I was awarded $225.00 per hour for work performed after February 2000, when I had been a lawyer for eight years. Keeling v. Wilfert Brothers Realty Co., Decision of the Full Commission, MCAD Docket No. 93-BEM-0167 (May 22, 2002); see also Che v. MBTA, Memorandum and Decision Re: Attorneys Fees, C.A. No. 98-CV-10758, Lasker, J. (D. Mass. 2002) (awarding attorneys fees for my work at $225.00 per hour).

7.      In preparation of this affidavit, I have reviewed pleadings filed in the above-captioned case that were prepared by Mr. Gordon. The quality of these documents, and Mr. Gordon's background, credentials and experience, leads me to conclude that an hourly rate of $250 per hour for Mr. Gordon is a very reasonable rate.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

_____        3/24/05
Robert S. Mantell                                              Date

2