UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DELEO, JR., *et al.*,<br><br>                 Plaintiffs,<br><br>       v.<br><br>CITY OF BOSTON, *et al.*,<br><br>                 Defendants. | CIVIL ACTION<br>NO. 03-12538-PBS |

**COMMONWEALTH'S MOTION TO ENLARGE TIME TO RESPOND TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

       The Commonwealth defendants ("Commonwealth") respectfully move for an order, <u>nunc pro tunc</u>, enlarging the time within which they may respond to Plaintiffs' Motion for Attorneys' Fees and Costs and for Entry of Final Judgment ("Pl. Motion") up to and including April 20, 2005. As grounds, the Commonwealth states as follows.

       1.       The plaintiffs have not sought to engage the Commonwealth in meaningful discussions about the payment of attorneys' fees. Nor did the plaintiffs, prior to the filing of their motion for attorneys' fees, confer with Commonwealth counsel in accordance with Local Rule 7.1 (the motion contains no certification under the rule). Following this Court's decision on plaintiffs' summary judgment motion, the Commonwealth's understanding was that, while the plaintiffs were not waiving their right to seek attorneys' fees from the Commonwealth, the plaintiffs' initial and primary focus would be on obtaining attorneys' fees from the defendant City of Boston ("City").

       Consistent with the Commonwealth's understanding, the plaintiffs and the City

proceeded to confer regarding attorneys' fees. See Pl. Motion at ¶ 6; Defendant City of Boston's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs ("City Opp.") at 3 n.1. Their negotiations broke down, resulting in the filing of plaintiffs' motion for attorneys' fees, the City's opposition, and Plaintiffs' Response to Defendant City of Boston's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs ("Pl. Reply"). See Pl. Motion at ¶ 6; City Opp. at 3 n.1.

The Commonwealth is now in the difficult position of having to respond to a motion for attorneys' fees necessitated by failed negotiations in which the Commonwealth did not participate. The Commonwealth is, and always has been, willing to discuss the issue of attorneys' fees with plaintiffs and the other defendants.

2. The primary attorney for the Commonwealth on this case, Robert L. Quinan, Jr., is currently taking a four-month leave of absence from the Office of the Attorney General to participate in a Supreme Court fellowship in Washington, D.C. Undersigned counsel appeared in the case on July 16, 2004, primarily to research and write memoranda of law. Undersigned counsel's time in recent weeks has been consumed by the press of business on other matters. Moreover, undersigned counsel will be out of state on a previously scheduled vacation from April 2, 2005, to April 8, 2005.

For these reasons, the Commonwealth respectfully requests an enlargement of time up to and including April 20, 2005, to respond to plaintiffs' motion for attorneys' fees.

Respectfully submitted,

THE COMMONWEALTH OF
MASSACHUSETTS and
RUTH BRAMSON, in her Official
Capacity as Chief Human Resources Officer
of the Commonwealth of Massachusetts,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Victoria S. Cole
Victoria S. Cole, BBO # 654996
Assistant Attorney General
Government Bureau, Rm. 2019
One Ashburton Place
Boston, MA 02108-1698
(617) 727-2200, ext. 2083

Dated: March 30, 2005

## Local Rule 7.1 Certification

I certify that I attempted to confer in good faith with other counsel as follows. Counsel for the defendant City told me that he assented to the request for an extension. Counsel for the plaintiffs told me that he opposes the request. Counsel for the defendant-intervenors told me that he does not object to the request.

/s/ Victoria S. Cole

## Certificate of Service

I certify that I served this motion on counsel for all other parties by filing the motion electronically and, where necessary, mailing the motion by U.S. mail.

/s/ Victoria S. Cole