UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL DELEO, JR., *et al.*,

                Plaintiffs,

         v.

CITY OF BOSTON, *et al.*,

                Defendants.

CIVIL ACTION
NO. 03-12538-PBS

**COMMONWEALTH DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

      The Commonwealth defendants, the Commonwealth of Massachusetts and Ruth Bramson, in her official capacity as Chief Human Resources Officer of the Commonwealth of Massachusetts, hereby oppose Plaintiffs' Motion for Attorneys' Fees and Costs.

      Plaintiffs filed their complaint on December 17, 2003. Less than a year later, the Court partially allowed plaintiffs' motion for summary judgment. On January 26, 2005, the Court entered the parties' proposed order regarding instatement of plaintiffs as police officers for defendant City of Boston ("City").

      This case did not last long and did not involve much: two depositions, an unsuccessful attempt by the defendant-intervenors to depose plaintiffs in order to challenge their standing, the City's filing of a motion for clarification of the Castro consent decree, the plaintiffs' filing of a motion for summary judgment and/or for a preliminary injunction, and a hearing on plaintiffs' motion. Moreover, as this Court recognized in its November 23, 2004, Memorandum and Order, the resolution of the key issue -- the correct method for calculating parity under the Castro

police-officer consent decree -- was largely dictated by the First Circuit's interpretation of the Beecher firefighter consent decree in Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003).

In the Quinn case -- involving novel legal issues, years of litigation, and an appeal to the First Circuit -- plaintiffs' attorneys collected $125,000 in fees.[1]  Now the same law firm that litigated Quinn seeks $110,714.51 in fees and costs in this case.  See Plaintiffs' Response to Defendant City of Boston's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs, Exhibit A.  That amount is unreasonable both on its face and for the specific reasons stated by the City in its opposition to plaintiffs' motion for attorneys' fees.  The Commonwealth defendants respectfully ask that the Court make the fee adjustments requested by the City.

---

[1] The City so alleges in its Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs at page 18, footnote 7.  Plaintiffs do not assert otherwise.  See Plaintiffs' Response to Defendant City of Boston's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs.  The Commonwealth was not a defendant in the Quinn litigation.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS and RUTH BRAMSON, in her official capacity as Chief Human Resources Officer of the Commonwealth of Massachusetts,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


  /s/ Victoria S. Cole
Victoria S. Cole, BBO # 654996
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2083

Dated: April 20, 2005

## CERTIFICATE OF SERVICE

    I, Victoria S. Cole, hereby certify that on April 20, 2005, I served this Opposition on principal counsel of record for the other parties by filing it electronically and, where necessary, by mailing it by first-class U.S. mail, postage prepaid.

/s/ Victoria S. Cole
Victoria S. Cole